### WATSON & AL. vs. PIERCE.

A court cannot give judgment by default, on a petition addressed to another court.

Nor permit the petition to be amended.

APPEAL from the court of the third district.

MATTHEWS J. delivered the opinion of the court.   In this case, a petition addressed to the district court of the parish of West Feliciana was filed in the office of the clerk of East Baton Rouge.   Copies of the petition and citation were served on the defendant who was a resident of the latter parish, and is stated to be such in the petition.   No appearance was put in by the defendant, nor answer filed, and the plaintiff moved for judgment by default.   The court refused to grant it, because it had no ju-

risdiction of the case; application was then
made to amend the petition by striking out the
word *West Feliciana*, and inserting the words *East Baton Rouge*, and also for leave to change the assertion in respect to the residence of the plaintiffs, who were styled "of the city of Philadelphia and state of Louisiana," by erasing the words state of Louisiana. The court refused leave to do so, and the petitioners excepted.

We think the judge below did not err. His refusal to give judgment by default on a petition addressed to another tribunal is so clearly correct, that it requires no observation from us to shew it so. His rejecting the application to amend is sustainable on the obvious reason that there was nothing before him to amend by. The case was not legally before his court, because it was addressed to another tribunal, and the error of the clerk in filing it and issuing citation, could not enable him to take cognizance of it. The judge of west Feliciana was the only person who could have authorised amendments to this petition. That which was offered under the name of an amendment in the court of east Baton Rouge, was the making a new petition by changing the tribunal, and there

Eastern Dist·
*January, 1828*
⁓⁓⁓
WATSON &
AL.
PIERCE. was nothing before that court to which such an amendment could attach.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Watts & Lobdell* for plaintiffs, *Duncan* for defendant.