OVERTON, Justice.
 

 On October 28, 1932, Josephine Dean petitioned the judges of the First district court to send her into possession of all the property of her uncle, Henry Markham, deceased, as his sole heir. Judgment was entered and signed accordingly on the same day, and she was placed in possession.
 

 On December 31, 1932, Ernest M. Markham petitioned the judges of that court to the same effect as did Josephine Dean, and obtained a judgment sending him in possession of the same property, as the only heir of his father, Henry Markham. Both judgments were obtained ex parte.
 

 Some litigation was had in the Succession of Henry Markham concerning the property which each of the two alleged heirs claimed
 
 *214
 
 as heirs of Markham, hut the result of the litigation was not decisive.
 

 Coming to the more important part of the proceedings had, Ernest Markham filed, on January 26,1933, a petition in his alleged father’s succession, which hears the number 60486 of the docket of the First district court, against Josephine Dean, the niece of Markham, and the first claimant to the estate. In this petition he sets out that he is the legitimate son of Henry Markham and his wife, long since deceased, Mary Markham, née Jones, and that the judgment sending Josephine Dean into possession of Henry Markham’s estate is null and void and should be so decreed. Josephine Dean answered this suit, denying the heirship of Ernest Markham, and setting out by way of reconvention, the following, to wit:
 

 “In further answer to plaintiff’s petition and by way of reconventional demand, defendant avers that should this court hold that said Ernest Markham is the true and lawful and legitimate son of Henry Markham, deceased, and entitled to all of the property of which he died possessed, that she do have and recover judgment against him in the full sum of one hundred and fifty seven and 25/100 dollars ($157.25), with legal interest thereon from November 17, 1932, until paid — same being the amount paid by her to the J. S. Williams & Sons, Inc., for the funeral of the said Henry Markham; and in the further sum of two and 80/100 dollars ($2.80), with legal interest thereon from said date, same being amount paid for balance due on fire insurance issued by Messrs. Ford, Walker & Hearn, Inc., Shreveport, Louisiana, on the property of the said Henry Markham and that she be ordered to remain in possession of said property until said sums and interest are paid.”
 

 This is the sole reconventional demand pleaded by defendant, Josephine Dean. After the hearing of evidence on the main demand and on that in reconvention, plaintiff, of his own motion, dismissed his demand as of nonsuit, pending a continuance of the case for argument, and filed another petition against Josephine Dean, in which he alleged, as he had in the suit dismissed, that Henry Markham married his mother, Mary Markham, in Shreveport, over a year prior to the date of the birth of plaintiff, and in which he later pleaded the following'new matter in the alternative, to wit:
 

 “Further pleading in the alternative, and only in the event that this court should find, as a matter of fact, that the said Henry Markham did not marry your petitioner’s mother, Mary Jones, prior to the date of his birth, as alleged in article 6 of his petition, that Henry Markham, the father of petitioner, and Mary Jones, the mother of petitioner, moved to Dallas, Texas, taking your petitioner with them, and while domiciled in ithe city of Dallas, state of Texas, your petitioner is informed and believes and, therefore, avers that the said Henry Markham married the said Mary Jones in the , city of Dallas, Texas, in the spring of 1901, where they subsequently resided until their return to the city of Shreveport, Louisiana.”
 

 Plaintiff, still pleading in the alternative, further averred that long prior to the marriage in Dallas and subsequent thereto, Henry Markham recognized, acknowledged, and held plaintiff out to the public as his son,
 
 *216
 
 which, under the laws of the state of Texas, in view of the marriage there, had the effect of legitimating him, and of rendering him capable of inheriting as Henry Markham’s heir. He then sets out, in the alternative, a statute of the state of Texas, showing that where a man who has had children by a woman afterwards marries her, the children, if recognized by him, shall, by such acts, become legitimated and rendered capable of inheriting his estate.
 

 The defendant, Josephine Dean, filed a plea of estoppel to the foregoing allegations, the plea resting upon the alleged inconsistency of the allegations showing the prior marriage in Shreveport, La., and the allegations showing the subsequent marriage, some years later, in Dallas, Tex., the theory of the plea being that conflicting facts of this nature cannot be pleaded in the alternative. 'The plea of estoppel was argued and submitted on briefs to be filed, which, in the absence of complaint, were evidently filed and the plea of estoppel was later sustained by the court.
 

 The foregoing constitutes a statement of the essential facts of the proceedings had, save the judgment rendered in the proceeding in which plaintiff dismissed as of nonsuit his demand preparatory to instituting the demand against which the plea of estoppel was later sustained. The dismissal by plaintiff of his demand, in that proceeding, left the demand in reconvention, filed therein by defendant, standing. The trial court disposed of it by rendering judgment in favor of defendant, Josephine Dean, and against plaintiff, Ernest Markham, “declaring suit, No. 60867 in the First District Court of Louisiana, Succession of Henry Markham, instituted by Ernest Markham, of date December 31, 1932, absolutely null and void and of no effect — the said Mortuary proceedings having been previously opened by the said Josephine Dean in the above entitled ánd numbered suit and judgment rendered thereon on October 28, 1932.”
 

 The judgment on the plea of estoppel and the one on this reconventional demand are the two judgments before us for consideration.
 

 The judgment on the reconventional demand should be set aside, because it is ultra petitionem. There is nothing in that demand calling for a judgment decreeing the nullity of any proceedings. That demand — and there is only one reconventional demand in the case — is one confined to a moneyed judgment and is dependent upon Ernest Markham being held to be the legitimate son and heir of Henry Markham. Judgments which are ultra petitionem are null.
 

 The judgment, sustaining the plea of estoppel, should also be set aside. The fact that Henry and Mary Markham did or did not marry in Shreveport, La., is not inconsistent with a later marriage of the parties in Dallas, Tex., and the consequent legitimation, if the first marriage was not contracted, of a child born to the two prior to the second marriage, by the recognition of the child as their child. Besides, “where the pleader has no knowledge as to which of two sets of fact, under either of which the opposite party would be equally liable, exists, he may properly allege them in the alternative.” 49 C. J., p. 98; Hibernia Bank & Trust Co. v. Louisiana Ave. Realty Co., 143 La. 962, 79 So. 554; Chaffe v. Scheen, 34 La. Ann. 684.
 

 
 *218
 
 There remains to be disposed of an exception filed by defendant to the second petition filed by plaintiff — the one immediately following the petition nonsuited by him which gave rise to the plea of estoppel. This exception rests upon the ground that the petition, although headed “Succession of Markham,” and filed in that proceeding, is not addressed to any court, nor to the Judge or judges of any court. The exception was overruled by the trial court.
 

 Josephine Dean has not appealed in this case. She is the appellee. She has not filed an answer to the appeal. She insists, however, that this exception bp sustained, thereby reversing the ruling of the trial court on it. The question necessarily arises, Have we the power to consider the exception, at her instance, in the absence of an appeal by her or in'the absence of an answer to the appeal, taken by Ernest M. Markham?
 

 It has been said by this court in a-number of cases, namely, in City of New Orleans v. New Orleans Jockey Club, 115 La. 911, 40 So. 331; Oglesby v. Turner, 127 La. 1093, 54 So. 400; Chopin v. Freeman, 145 La. 972, 83 So. 210; Alfred Hiller Co., Ltd., v. Hotel Grunewald Co., Ltd., 147 La. 129, 84 So. 520; Siragusa v. Illinois Cent. R. Co., 152 La. 745, 94 So. 376, that, where the appellee does not file an answer to the appeal requesting a review of the ruling against him on the exception, this court will not amend the judgment appealed from, by converting it into .a judgment maintaining an exception overruled by the trial judge. This statement, or the ruling to that effect, in most of the foregoing cases is of no importance to the decree rendered in them or is purely obiter dictum. Where this is not the case, the statement results from an erroneous construction of articles 888 and 592 of the Code of Practice. These articles, properly construed, require the appellee to answer where he wishes a change to be made in the decree rendered below by the trial court, and not in some ruling on an exception preliminary to a trial on the merits. The rulings on all such exceptions may be considered on appeal without reference as to whether the party, desiring a review of the ruling on the exception, has himself appealed or has filed an answer to the appeal of the opposite party. Entertaining this view, the decisions cited are overruled on the question under consideration, and we shall now proceed to review the ruling on the exception.
 

 Article 172 of the Code of Practice de fines the essential allegations of a petition. One, among these, is the name or title of the court to which the petition is addressed. In the case at bar the petition is not addressed, in writing, to any court, but is merely entitled “Succession of Henry Markham.” The Succession of Markham had been opened in the First district court for the parish of Cad-do by Josephine Dean. Had it not been opened, the omission of the title of the court would have been fatal, unless corrected by amendment. The petition, presently under consideration, was filed in the First district court for the parish of Caddo in the Succession of Henry Markham, where it was not error to file it, and where it was the manifest desire of the pleader that it should be filed. In these circumstances it was not necessary to expressly address it to the First district court. Such an address is necessarily im
 
 *220
 
 plied in the proceeding in which the petition was filed. To repeat expressly what was necessarily implied would have added nothing to the petition. The point here raised is highly technical, and was correctly overruled by the court below.
 

 For these reasons, the two judgments, appealed from, are set aside, and this case is remanded to be proceeded with according to law, appellee to pay the costs of appeal and the remaining costs to abide the final determination of the case.