## BROWN v. GARNER.
### No. 4813.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 2, 1934.

Pickett & Moore, of Many, for appellant.
Fraser & Carroll, of Many, for appellee.

MILLS, Judge.

This is a petitory action based upon conveyance duly recorded, in which the consideration is expressed as follows: "The said Neely Summage is getting old and has no relatives to go to and the above named Billy Brown, agrees to support her the balance of her life and keep the place up and upon her death he becomes the owner of above described lot. If said Brown fails to fulfil his part of the contract the place reverts back to Neely Summage. It is also understood that at any time the above said Neely Summage pays said Brown any money that he has been out on the place or on her self, the said Brown is to deed the place back to her."

The petition of Billey Brown simply alleges his ownership of the property under the above agreement, which is made a part of the petition, the actual possession of defendant without right, and concludes with the appropriate prayer. It fails to set out the performance of any of the conditions contained in the contract or even the death of Neely Summage.

Defendant filed an exception of no cause and no right of action, which was overruled, whereupon she answered, setting up her title to one-fourth interest in the property by inheritance from Neely Summage and attacking plaintiff's title on the ground that the sale to him was conditional and that the conditions were never performed. She also set up a tax sale to her and her coheirs. She

prays that the instrument relied upon by plaintiff be canceled and annulled and for recognition of her own title.

After due trial had, there was judgment rejecting plaintiff's demand and confirming the title and possession of defendant. From this judgment plaintiff has appealed.

██ Defendant, in this court, though neither appealing nor answering the appeal, insists the lower court erred in overruling the exception of no cause and no right of action and that the ruling should be reversed and plaintiff's action dismissed. Defendant is entitled to have this ruling reversed. Succession of Markham, 180 La. 211, 156 So. 225. In a petitory action, plaintiff must recover on the strength of his own title. Code Prac., art. 44, and cases cited.

Plaintiff relies upon the provisions of article 2456 of the Civil Code, which reads: "The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid."

██ Counsel asserts that title to the property vested in the plaintiff when the instrument sued upon was executed and recorded. This is, of course, the general law, but we are concerned with the particular instrument to be construed, which provides that ownership shall not vest in plaintiff until the death of Neely Summage. The contract of the parties is the law of the case. Their intention controls unless forbidden by law. Clearly, this aged woman sought security and support in her old age. This could not have been made certain by an absolute conveyance of her property independent of compliance with the conditions contained therein. We think it certainly was her intention to part with her title only after fulfillment of the obligations assumed by plaintiff, and after her death.

"A sale, made with a suspensive condition, does not transfer the property to the buyer, until the fulfillment of the condition." Article 2471, C. C.; Page v. Loeffler, 146 La. 890, 84 So. 194, 22 A. L. R. 563.

██ We are therefore of the opinion that the failure to allege the death of Neely Summage is fatal to plaintiff's case, and that the exception of no cause and no right of action should have prevailed.

For the above-assigned reasons, the judgment of the lower court upon the merits is set aside, the exception of no cause and no right of action is now sustained, and plaintiff's suit is dismissed, at his cost in both courts.