**OPINION**

## ROBERTS v SOGG

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3039.   Decided Sept. 2, 1939.

M. L. Bigger, Columbus, for plaintiff-appellant.

Knepper, White & Dempsey, Columbus, for defendant-appellee.

By HORNBECK, PJ.

This is an appeal on questions of law from an order of the Common Pleas Court quashing service of summons on the defendant.

The question presented arises in this manner.   Plaintiff filed his petition with the Clerk of the Court of Common Pleas of Franklin County, Ohio, left a precipe directed to said Clerk to "issue summons for defendant, Endorse action for $25,000. money damages personal injuries, returnable according to law."   Following the service upon the defendant, he interposed the motion to quash service of summons and set aside the return thereon as follows:

Now comes the defendant appearing solely for the purpose of this motion, expressly disclaiming any intention of entering an appearance herein, and denying the jurisdiction of this court over his person, and moves the court for an order quashing the service of summons upon him herein and setting aside the return of the sheriff thereon, for the reason that no petition has been filed in this case addressed to or invoking the jurisdiction of this court and said summons is therefore void.

The entry journalizing the action of the Court on this motion was filed March 15, 1939.   An amended petition stating correctly the county in which the action was brought was filed January 20, 1939.   The motion was sustained.

The petition bears the heading, "IN THE COURT OF COMMON PLEAS, CUYOHOGA COUNTY, OHIO."

The errors assigned are that the order of the court violated the 14th amendment to the United States Constitution, the Due Process clause, **Art. I, Sec. 3** and **Art. I, Sec. 16 of the Ohio Constitution,** "guaranteeing that the courts shall be open for an injury done to him and guaranteeing a jury trial in all civil cases * * *".

We have taken the numbering of the Sections from the brief of counsel for appellant.   Evidently he refers to

Art. I, Sec. 5, Ohio Constitution instead of Sec. 3. The third assignment is that the order denies the appellant the benefit of the provisions of the General Code of Ohio.

We are content to say at the outset that we find no constitutional question, Federal or State, involved. The whole subject is peculiarly within legislative domain and authority and it therefore becomes only a question of the proper construction of the sections of the Code relating to the method and manner of subjecting the person of the defendant to the jurisdiction of the Common Pleas Court of Franklin County.

We have been favored with the opinion of the Judge who passed upon the question.

The Court bases its conclusion that the service of process should be quashed upon the provisions of §11304 GC:

"Every pleading must contain the name of the County and the Court in which the action is brought and the names of the parties followed by the name of the pleading."

The opinion directs attention to the mandatory language of the section involved and holds that inasmuch as the petition did not contain the correct name of the county in which the action was brought that it was fatally defective and could not be the basis of the issuance of summons and service thereof upon the defendant. The correctness of this determination is the narrow question presented.

Sec. 11279, GC provides that as a predicate for personal service upon a defendant "a civil action must be commenced by filing in the office of the Clerk of the proper Court a petition, and causing a summons to be issued thereon", and §11280 GC sets forth the necessity and requisites of the precipe to be filed by the plaintiff with the Clerk of Court. §11277 GC, one of a number of provisions under Chapter 3, Division 3, Title 4, GC defining where actions are to be brought provides,

"Every other action must be brought in the County in which a defendant resides or may be summoned, * * *"

The action in the instant case comes within the classification, "Every other action", as set forth in §11277 GC.

It is urged by counsel for appellee that it does not appear that the petition was filed in the Franklin County Common Pleas Court. It is true that the original file mark of the Clerk of Courts of Franklin County on the petition does not designate Common Pleas Court. There is, however, enough indicia to convince us that the petition was filed in the Franklin County Common Pleas Court. The summons was issued by the Clerk of the Common Pleas Court, the return was made to that Court, a Judge of that Court took cognizance of the proceedings and the motion to quash service of process and this proceeding in error comes from that Court. So that, there can be no doubt that the petition was filed in the Common Pleas Court of Franklin County. This conforms to the requirement of §11279 GC.

Sec. 11363 GC provides:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, * * * by adding or striking out the name of any party, or by correcting a mistake in the name of a party or mistake in any other respect, * * *. When an action * * *, fails to conform to the provisions of this title, the court may permit either to be made conformable thereto, by amendment."

Sec. 11304 GC, providing that every pleading must contain the name of the court and the county in which the action is brought is under the same title as §11363 GC.

It is the obligation of the court to construe these quoted Sections together and if possible to give meaning and import to all of them. This may be done if the omission in this petition to name the county in which the ac-

tion was instituted is declared to be but an irregularity which can be corrected either upon motion of opposing counsel or upon the court's own motion. If the language of §11304 GC be given its most stringent construction then a pleading which contains all of the essentials in subject matter of a petition would not be the basis of a summons unless it bore the title "Petition". If this construction be carried to the limit then a default judgment could be set aside for lack of jurisdiction of the court for failure of a petition to be so designated or upon the failure to designate the county and the court in which the judgment was taken.

The caption of a pleading is no part thereof and but for the requisites of §11304, GC, a petition would not have to bear any heading.

In the instant case there is direct conflict between the county stated in the caption and the county in which the petition was actually filed. The action was instituted in Franklin County and in the Common Pleas Court thereof but the pleading erroneously asserts that it was instituted in Cuyahoga County Common Pleas Court. In this situation we conceive that there is nothing more than irregularity in the caption which does not render ineffective the action provided under §11279 when a petition is filed, namely, the issuance of a summons.

Appellee cites several Iowa cases, the last of which is Garretson v Hays Bros. 29 N. W. 786, decided in 1886, the syllabus of which is,

"A paper denominated 'synopsis of petition', entitled 'L. P. Garretson v Hays Bros.', but not containing the name of any court or county and not directed to be filed as a paper in any particular court, handed to the Clerk by an unknown veiled woman with the fee for filing, and filed by the Clerk, is not sufficient to invoke the jurisdiction of the court, not being deemed a petition.".

The court cited a Section from the Code of Iowa which provided that the petition must contain the name of the court and the county in which the action is brought but said,

"Possibly if, at the time the motion to dismiss was acted upon, it had been shown to the court that directions had been given to the Clerk to file the paper in the district court, that court would have been justified in assuming jurisdiction. But it was not so shown, nor was there anything showing that there had been an attempt to invoke the jurisdiction of that court."

We find distinguishing differences in the Iowa cases cited, though some of them are on principle contrary to the view that we take of the law.

In Rice & Co. v Pike, 23 Oh Ap 9, the Appellate Court dismissed an action because no summons was issued on the petition in error. Defendant in error had signed a waiver of service of process and an entrance of his appearance to a petition in error which did not carry the name of the court in which it was to be filed. It was first filed in the Court of Common Pleas and later in the Court of Appeals. Although the court held that the waiver did not accomplish a waiver of service of summons in the Court of Appeals, Judge Washburn said in the opinion that it did constitute an entrance of appearance in the Court of Common Pleas wherein it was originally filed. The decision was a strict construction of the right to bind a party to a waiver in the Court of Appeals when it had been employed for that purpose in the Common Pleas Court.

We are also cited to a number of cases in Ohio wherein it has been held that an unverified petition was a nullity, and that the deficiency could not be supplied by amendment but that a new petition must be filed properly verified and a new summons issued to subject defendant to the jurisdiction of the court in which the action was brought. The Section requiring that a petition be verified is mandatory in terms even

as is §11304 GC and from this it is urged that they should be given like construction.

We have no difficulty in holding that a verification of a petition is more essential to its effectiveness as such than the statement in the caption of the county in which the action is instituted. The verification gives standing and import to the averments of the petition which a court has a right to hold is a prerequisite to requiring a defendant to come into court and to be subjected to the jurisdiction thereof to answer the claim set forth in the petition. The power of amendment is in "furtherance of justice".

There is no case directly in point in Ohio. The question is considered in the late case of Kunnes v Kogos (La.) 65 A.L.R. 706 and annotation thereto at page 709. The cited case affords support for the conclusion that we have reached, namely, that the motion to quash in the instant case should have been overruled. In the cited case a petition was filed in the First City Court for the City of New Orleans and was addressed to the judges of the Civil District Court for the parish of Orleans instead of to the judges of the First City Court of the City of New Orleans, the court in which the suit was to be filed and was actually filed.

In the report of the case of the Louisiana Supreme Court, the citation we have given, it is said that the defendant appeared and excepted to the petition on the ground that it was addressed to the wrong court. In the opinion in the Court of Appeals, same case, 119 So. 452, it is said that the plaintiff filed an exception to the jurisdiction of the court. In neither opinion does the court say anything respecting the entrance of the appearance of the defendant and we assume that the objection to the jurisdiction was properly asserted and that the appearance of the defendant was for that purpose only. The plaintiff tendered and was permitted to file a supplemental petition and citation was made upon the defendant. Thereupon the motion of the

defendant was overruled and judgment was rendered against him. On appeal the Court of Appeals reversed the judgment, citing several cases to support its postion including two from the jurisdiction of Louisiana and 31 cyc p. 94 and quoted particularly from Watson v Pierce, 6 Mart. (N.S.) 417, wherein a petition addressed to the District Court for the parish of West Feliciana was filed in the court of East Baton Rouge in which opinion the Supreme Court said,

"We think the judge below did not err in his refusal to give judgment by default on a petition addressed to another tribunal and is so clearly correct that it requires no observation from us to show it so. His rejecting the application to amend is sustainable on the obvious reason that there was nothing before him to amend by."

In reversing the Appeal Court the Supreme Court of Louisiana at page 708, 65 A.L.R., said,

"The petition in the instant case was filed in the First City Court, and the defendant was cited to answer the demand at that Court. Therefore all parties were before the proper and competent court rationae materiae and personae. The supplemental and amended petition contained the demand and prayed for the same judgment as the original petition, and the only change was to correct the style and name of the court in which the suit was pending. Nothing more could have been done by the plaintiff except the filing of a new suit in the same court, on the same cause of action, and against the same defendant."

The court further points out that the ruling complained of is not in keeping with the "presently existing jurisprudence". It seems to us that this case is in all particulars on all fours with the present case, is authority for the overruling of the motion to quash and is in keeping with the trend of the times to avoid objections to

pleadings which do not affect the substantial rights of the parties.

Another Louisiana case decided since Kunnes v Kogos, **supra**, Succession of Markham, 180 La. 211, 156 So. 225, holds that,

"Admission of title of court in Succession proceeding not fatal where petition was filed in proper District Court and it was manifest desire of pleader that petition should be so filed, address to court being necessarily implied."

A very recent decision of our own Supreme Court is helpful by analogy. **Douglas, Admrx. v The Daniels Bros. Coal Co. 135 Oh St 641**, wherein in the first proposition of the syllabus it is said,

"Where a widow institutes an action, as administratrix, for damages for the wrongful death of her husband, under the mistaken belief that she has been duly appointed and had qualified as such, thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after the expiration of the Statute of Limitation applicable to such action, **the amended petition will relate back to the date of the filing of the petition** and the action will be deemed commenced within the time limited by Statute." (Emphasis ours).

The court there gave full force and effect to the amendment as though filed as of the date of the original petition although it accomplished a denial of the benefit to the defendant of a Statute of Limitation. In the instant case if like effect be given to the amendment of the petition, which obviously the plaintiff had the right to make, then the service of process is effective because based upon a petition which is made regular in every particular by virtue of the amendment.

We are of opinion that the trial judge erred in sustaining the motion to quash and to set aside the return of summons.

Judgment reversed. Cause remanded.

GEIGER and BARNES, JJ., concur.