## COLUMBIA OIL CO. v. POLICE JURY OF NATCHITOCHES PARISH.

### No. 5980.

Court of Appeal of Louisiana. Second Circuit.

Feb. 7, 1940.

Rehearing Denied March 6, 1940.

Russell E. Gahagan, of Natchitoches, for appellant.

H. L. Hughes, of Natchitoches, for appellee.

HAMITER, Judge.

Cause No. 5725, on the docket of this court, which was an action predicated on two promissory notes, related to the same indebtedness asserted herein, namely, that for materials allegedly sold and furnished by the plaintiff, Columbia Oil Company, to the defendant, Police Jury of Natchitoches Parish, Louisiana.

In that case, after some evidence had been adduced on the trial of the merits, defendant filed an exception of no cause of action. The district court sustained the exception and dismissed the suit. On plaintiff's appeal to this court, we concluded that the exception had been correctly sustained and accordingly affirmed the judgment. 184 So. 580, 582.

In the course of our opinion therein, we said: "If plaintiff sold and delivered to the Parish of Natchitoches materials necessary for its use and had made use of them, thereby benefiting by the transaction, in equity plaintiff should be able to recover. If such be the case, it has not lost its right to proceed properly and produce the necessary proof. That seems to be the holding of our Supreme Court in some late decisions, although it amounts to allowing equity to displace positive law."

Another suit was thereafter instituted, being the one presently before us, in the original petition of which plaintiff avers, inter alia, that—

" * * * the Police Jury of the Parish of Natchitoches, State of Louisiana, is justly and legally indebted unto petitioner in the full sum of $564.28 with 5% per annum interest thereon, from May 1, 1935, for this, to-wit:

"That in the month of March, 1932, your petitioner sold and delivered goods, wares and merchandise to the said Police Jury of Natchitoches Parish, Louisiana, amounting to the sum of $564.28. That said goods and merchandise sold were lubricants, which lubricants were used by the said Police Jury of the Parish of Natchitoches, Louisiana, in the operation and maintenance of their tractors and other machinery, which tractors and machinery were being used at the time said lubricants furnished by your petitioner to said Police Jury, in the construction and/or maintenance of roads and/or bridges in the Parish of Natchitoches, Louisiana. That the Police Jury of Natchitoches Parish, Louisiana, is the governing body of said Parish and as such, clothed with the authority and it is further-

more the duty of said Police Jury of said parish and state to maintain, build and construct roads and bridges, within the territorial limits of said parish.

"Petitioner further shows that it has never been paid on said account. That to evidence the obligation herein sued on your petitioner was given two notes, one for the sum of $306.56, dated May 1, 1935, which said obligation was signed by H. H. Burney, member of said Police Jury from Ward 2 of said Parish, which obligation matured on June 1, 1936 and bore interest at the rate of 5% per annum until date paid. That the other note or evidence of indebtedness was for $257.72, dated the same date, payable on same date, having same interest obligation and was signed by J. W. Bolton from Ward 8 of said Parish, both of which notes are evidence of debt and are hereto annexed and made a part hereof.

"Petitioner further shows that the materials sold by it to the Police Jury of Parish of Natchitoches, as hereinabove alleged, are necessary for its use in the operation of its tractors and other machinery in the maintenance and construction of their roads and bridges as hereinabove alleged and that the said Police Jury thereby benefited by the transaction to the extent of $564.28, the amount sued for herein.

"Petitioner further shows that for several years prior to the time this transaction was held with the said Police Jury of Natchitoches Parish, they had taken orders for and had delivered lubricants to the Police Jury of Natchitoches Parish and other parishes in the State of Louisiana in the same manner and method that this transaction was made, all of which lubricants were paid for. That petitioner had had prior dealings with the Police Jury of Natchitoches Parish, all of which had been satisfactory and all of which were of same nature as this and that your petitioner relied upon the apparent authority of the respective members of the Police Jury to make such purchases and bind said body for same."

In a supplemental petition, which was filed and allowed, the following further allegations are made:

"Plaintiff further shows that H. H. Burney, member from Ward 2 of Natchitoches Parish, Louisiana, and J. W. Bolton, member from Ward 8 of Natchitoches Parish, Louisiana, were duly authorized to make and contract the obligation sued on herein

and bind the Police Jury for the Parish of Natchitoches therefor.

\* \* \* \* \* \*

"That your plaintiff herein has made other sales of lubricants to other members of the Police Jury of Natchitoches Parish, where no special authorization was given by special resolution or otherwise all of which was paid by the Police Jury of Natchitoches Parish, to your petitioner. That the said Natchitoches Parish Police Jury has furthermore paid your petitioner a part of the original indebtedness sued on herein and the notes attached to its original petition are only for the unpaid balance of said original account."

Also urged by plaintiff is a plea of estoppel.

Defendant excepted to the petition as disclosing neither a cause nor a right of action and pleaded res judicata by reason of the decree in said cause No. 5725.

The district court overruled the exceptions of no cause and no right of action, but maintained the plea of res judicata and dismissed the suit. Plaintiff appealed.

■ It is our belief that there is no merit to the plea of res judicata. The judgment in the other suit, on which the plea is founded, was one sustaining an exception of no cause of action and had only the effect of a nonsuit of plaintiff's demands. McCoy v. Arkansas Natural Gas Co., 184 La. 101, 165 So. 532; Woodruff v. Producers' Oil Co., 142 La. 368, 76 So. 803; Laenger v. Laenger, 138 La. 532, 70 So. 501.

More difficult of solution is the problem presented by the exception of no cause of action filed in this cause, to the overruling of which appellee assigns error. The pleading states:

"That the petition of the plaintiff is wholly without any allegation or averment that H. H. Burney, member from Ward Two of Natchitoches Parish, Louisiana, and J. W. Bolton, former member from Ward Eight of Natchitoches Parish, Louisiana, were by a resolution or ordinance of the Natchitoches Parish Police Jury authorized to sign the notes here sued on.

"That further plaintiff sets forth in Article Four of his petition that it relied upon the apparent authority of the respective members of the Police Jury to make such purchases and bind said body for same."

■ Although exceptor neither appealed nor answered plaintiff's appeal, consideration by this court of the exception is permissible. Succession of Markham, 180 La. 211, 156 So. 225; Brown v. Garner, La. App., 157 So. 136.

In support thereof, counsel cites the cases of Police Jury, Parish of Ouachita v. Mayor and City Council of Monroe et al., 38 La.Ann. 630, 631; International Harvester Co. of America v. Police Jury of Red River Parish, La.App., 177 So. 70; Puritan Chemical Co. v. Vernon Parish Police Jury, La.App., 178 So. 888, in which it was held in substance that police juries, like all other corporations created under the laws of Louisiana, are artificial beings, which can act only in the mode prescribed by the law creating them; and that no officer thereof can legally bind or stand in judgment for the corporation without special authorization. This legal principle has long been recognized in the jurisprudence of this state; however, in the recent case of Burk v. Livingston Parish School Board, 190 La. 504, 182 So. 656, 657, this being one of the authorities that prompted our remarks in the opinion of cause No. 5725 which we quoted above, the Supreme Court apparently disregarded that doctrine and it applied equitable principles in reaching a decision.

The Burk case, cited approvingly in Turfitt v. Police Jury of Tangipahoa Parish, 191 La. 635, 186 So. 52, was considered on an exception of no cause of action. It was a suit to recover the alleged balance due for architectural services rendered to the defendant School Board under a verbal contract. Defendant, in support of its exception, argued that there existed no resolution or ordinance and no written contract, which is required by statute, authorizing the employment of plaintiff. The court overruled the exception and remanded the case for further proceedings. In the opinion it cited and quoted from a number of authorities, including Civil Code, article 1965, which states that, "\* \* \* no one ought to enrich himself at the expense of another"; and it made the following observation:

"Plaintiff's petition shows that under a verbal contract with defendant School Board, he performed architectural services for the Board to the value of over $8,000; that these services were in planning and supervising the erection and repairing of

school property belonging to the Board; that this work was properly performed to the entire satisfaction of the defendant; that the defendant accepted his work and services, retained the full benefits thereof, and paid over $2,000 on account.

"Even if the statute relied upon by defendant School Board required a written contract, the fact that the work was done, the contract completed and executed, and part of the price paid operates as an estoppel of defendant from raising that question."

When the allegations of fact made by plaintiff in the instant cause, particularly those above quoted, are considered in the light of Burk v. Livingston Parish School Board and Turfitt v. Police Jury of Tangipahoa Parish, supra, we cannot say with certainty that the petition fails to disclose a cause of action; and it is therefore our opinion that the district court correctly overruled the exception of no cause of action.

To say the least, a doubt exists with reference to the question presented, and such, in the interest of justice, should be resolved in favor of the sufficiency of the petition; and there should be a trial of the merits of the case to permit the development of the true facts and circumstances thereof. Crescent Cigar & Tobacco Co. v. Mire et al., La.App., 145 So. 17; Patterson v. Chicago, R. I. & P. R. Co., La.App., 175 So. 164; Pittman v. Gifford-Hill & Co., Inc., La.App., 188 So. 470. This holding is not to be construed as a prejudging of such merits to any extent.

Therefore, the judgment is affirmed in so far as it overrules the exception of no cause of action; otherwise, it is reversed and set aside, the plea of res judicata is overruled, and the case is remanded for further proceedings according to law and not inconsistent with the views herein expressed. The costs of the trial court shall abide the final decision herein.

Supplemental Opinion.

PER CURIAM.

We failed to provide in our decree in the above cause for the assessment of the costs of this court. It is now ordered that appellee, the Police Jury of Natchitoches Parish, shall pay the cost of the appeal.