This is a suit instituted by John Myers Implement Co., Inc., in which it is seeking to recover judgment against the defendants, Ed. DeBoer and C.J. Weldon, in solido, in the sum of $219.60, on an alleged sale of merchandise. In its petition plaintiff alleges that during the year 1939 and more particularly on March 17, 1939, the defendants were conducting a co-partnership business under the name and style of Bunkie Implement Co., at Bunkie, Louisiana, being engaged in the purchase at wholesale and sale at retail of all kinds of farm implements, and that on the day mentioned it sold to them the merchandise involved herein. It is further alleged that the partnership has been dissolved and that the account is now long past due notwithstanding *Page 833 
amicable demand and defendants' promise to pay. Annexed to the petition is a type-written statement of an account indicating that the merchandise alleged to have been sold consisted of two complete mowers equipped with pneumatic tires, at $104.50 each or $209 for both, plus freight charges in the sum of $10.60.
The defendants filed a motion for oyer of the original of the itemized account, pursuant to which plaintiff filed a document purporting to be the original order or bill of sale. Subsequently, however, plaintiff filed an amended answer to the motion for oyer in which it alleged that through error and inadvertance it had attached the wrong copy of the invoice signed by the defendant DeBoer to its original answer and that it now filed a duplicate carbon or impression copy of the original which was signed by Mr. DeBoer and given to him.
This last document which was filed appears to be a duplicate of a bill-head of a McCormick-Deering Store, across which is stamped, in red, with a rubber stencil, the name and style of plaintiff's firm with its telephone number and address as Alexandria, Louisiana. It is dated March 17, 1939, and carries a charge for merchandise sold to the Bunkie Implement Co., Bunkie, Louisiana, the merchandise being listed as the two mowers already mentioned, but no price is stated. At the bottom appears the notation: "Transferred to Bunkie Implement Co., Bunkie, Louisiana," and below that is the signature, "Ed. DeBoer."
In their answer the defendants admit that they were formerly co-partners and formed the now dissolved Bunkie Implement Co. Otherwise they generally deny all the allegations of the plaintiff's petition. On the day the case was fixed for trial, defendants filed an exception of no cause or right of action which the minutes of court show was over-ruled on the same day that a decision was rendered on the merits. Judgment went in favor of the defendants, rejecting plaintiff's demand at its cost, and this appeal was taken. Defendants did not answer the appeal in order to re-urge their exception and we take it that they have abandoned the same.
It appears that the International Harvester Company, a large wholesale dealer in farm implements, operated in the State of Louisiana with headquarters at Shreveport. It also had several retail stores in the State operating under the name and style of McCormick Deering Co., one being located at Alexandria. Its merchandise was also handled by the store being operated by the defendants herein at Bunkie. The retail store at Alexandria was purchased on or about March 1, 1939, by the plaintiff, at which time, and until March 17, 1939, the date of the alleged purchase of the implements involved in this suit, defendants were conducting their business as the Bunkie Implement Co. at Bunkie.
It is shown that a custom existed between the wholesale office at Shreveport and its several retail dealers under which, if it developed that one dealer needed certain merchandise or implements, he could obtain the same from another retail dealer, who at the time obtained a receipt which was forwarded to the main office at Shreveport, and if the transfer proved to be acceptable, that office would bill and charge the first dealer for the merchandise and credit the second.
On March 17, 1939, Mr. Ed. DeBoer was in the Alexandria retail store and obtained the two mowers involved in this litigation giving his receipt therefor by signing the invoice or bill of sale which we have already described.
He insists that at the time, he did not know of the sale of the business from McCormick-Deering Company to the plaintiff herein but admits signing the receipt of which the attached document to plaintiff's answer to the motion for oyer is a carbon copy. The original was forwarded to the Shreveport office and in some inexplicable manner was lost or misplaced. Evidently for that reason, the Shreveport office did not take notice of the transfer, never charged the Bunkie Implement Co. with the merchandise transferred and never gave credit to the plaintiff for the same.
It is also shown that about the mouth of November, 1939, the plaintiff acquired the stock and merchandise of the Bunkie Implement Co., and in accordance with the Bulk Sales law of this State, Act No. 270 of 1926, the defendants furnished the necessary affidavit and a list of their creditors. Neither the International Harvester Company nor the plaintiff appeared on the list as creditors except for a small item due the plaintiff and which had no connection with the transaction with which we are here concerned.
Some time later, in taking its inventory of stock, the plaintiff noticed that it was two mowers short and upon investigation *Page 834 
found that it had never been given credit by the International Harvester Company for the same and so advised that company. Upon receipt of this information the International Harvester Company refused to recognize the transfer of the merchandise, giving as its reason that the defendants' partnership had been since dissolved and was no longer one of its retail dealers. The defendants were notified to that effect, whereupon after repeated unsuccessful efforts on the part of the plaintiff herein to collect from them the amount due for the two mowers, this suit followed.
The main, if indeed not the only defense to the suit, is that as the plaintiff is relying on a contract of sale for the merchandise alleged to have been sold, and no such thing as a sale took place, plaintiff should not be allowed to recover judgment. The defendants take the position that they did not know of the purchase of the Alexandria retail business of the International Harvester Company by the plaintiff and insist that the transaction was merely one of the usual and ordinary transfers of merchandise from one retail dealer to the other, with no price being agreed upon, and therefore, there is nothing due the plaintiff by them under any contract of sale.
It is not disputed that the Bunkie Implement Company, through one of the partners, Ed. DeBoer, received the two mowers in question and that his company disposed of them. It is not disputed also that the International Harvester Company never did bill or charge the Bunkie Implement Company for the mowers nor did it ever give credit for the same to the plaintiff. Finally, it is not disputed by either of the defendants that they never have paid anyone for the mowers. In his testimony, Mr. Weldon, states that they did not pay John Myers as they did not buy the mowers from him and therefore could owe him nothing and that they did not pay the International Harvester Company for them because that company had not charged them with the account. In attempting to explain why the account was never paid Mr. DeBoer states in a rather evasive manner that "in a way" the International Harvester Company owed them and that was the reason they did not pay that company. When he was asked to produce statements of the account under which he claims that the International Harvester Company owed them, the district judge sustained an objection on the ground of irrelevancy which in view of all other testimony which had been offered, was an erroneous ruling. The nature of the transaction involved was otherwise ventilated in every detail without objection on the part of the defendants, all of which had the effect of enlarging the pleadings and proving that the transfer of the merchandise had been effected. There is no question from the statement rendered and from the testimony that the price of the mowers has been fully proven, nor is it seriously disputed by the defendants in any way. It seems obvious that they are relying upon a pure legal technicality in order to relieve themselves from the obligation which they have to pay for these mowers even though it be conceded that the transaction involved was not a sale.
In Article 1816 of the Revised Civil Code it is specifically provided that "to receive goods from a merchant without any express promise, and to use them, implies a contract to pay the value." Therefore, even though there was no express promise on the part of the defendants to pay the plaintiff, there can be no gainsaying that they received the mowers and used them by disposing of them at retail sale and consequently there followed the implied obligation to pay their value which has been shown to be the amount plaintiff is seeking to recover.
The anxiety which defendants seem to apprehend about having to also meet a demand on the part of the International Harvester Company in case they are condemned to pay the plaintiff is, in our opinion, altogether unfounded. They refer to the efforts which have already been made by that company to collect the account, but it is shown that all of this was to assist the plaintiff in straightening out the matter and under the record which is here presented we can think of no theory under which that company could successfully present a demand for these two mowers for which, it appears, they have already been paid by the plaintiff.
The judgment rendered below is therefore found to be erroneous and will have to be reversed.
For the reasons stated, it is now ordered, adjudged and decreed that the judgment appealed from be and the same is hereby reversed, set aside and annulled and it is further ordered that there be judgment in favor of the plaintiff, John Myers Implement Company, Inc., and against the defendants, *Page 835 
Ed. DeBoer and C.J. Weldon, in solido, in the full and entire sum of $219.60, with legal interest from date of judicial demand until paid and all costs.