Plaintiff brings this suit for damages in the amount of $10,000 based on the allegations that she sustained personal injuries by being struck by an automobile driven by the defendant, near Madisonville, on Labor Day, September 1, 1941.
Plaintiff alleges that she, her daughter and another companion were standing on the shoulder of the concrete highway between Madisonville and Mandeville, about fifteen feet east of the Tchefuncta River bridge where the said concrete highway crosses the said river, on the south side of the said highway, facing south, about three feet from the concrete slab, at a portable ice cream stand, purchasing ice cream, when suddenly, without warning of any kind, she was struck on the left hip and leg and thrown heavily to the ground by an automobile driven by the defendant; that the automobile was stopped by the defendant, almost immediately after striking her, with the right front wheel off of the concrete and on the shoulder of the highway.
She further avers that she has no knowledge of the cause of the accident or the reason why the defendant drove the automobile off the concrete slab and into her, and pleads res ipsa loquitur; and in the alternative, on information and belief, she sets up several grounds of negligence *Page 63 
against the defendant, the driver of the automobile.
The defendant, for answer, made a complete denial of the plaintiff's allegations specially denying that her automobile struck the plaintiff and caused her any damages. In a supplemental answer, pleading in the alternative that if it should be shown that defendant's automobile struck the plaintiff, then such accident was caused by plaintiff's contributory negligence in stepping backward onto the concrete slab and into a line of heavy traffic.
The trial of the case resulted in a judgment for the plaintiff and against the defendant in the sum of four hundred dollars, with interest and costs. Plaintiff, not being satisfied in the amount awarded, devolutively appealed.
An order of appeal, both suspensive and devolutive, was granted the defendant, but the appeal has not been perfected, nor has the defendant answered the appeal taken by the plaintiff, and, therefore, the matter of the judgment against the defendant, or the question of liability, on her part, is not an issue, except in so far as plaintiff's appeal seeks an increase in the amount of damages allowed.
The evidence shows that plaintiff, at the time of the accident, was 72 years of age, and as a result of the accident she suffered contused wounds of left side of hip and leg and ankle and brush burns to the body on the left side, — the most prominent being the wound to the left hip, it being swollen and blue. She was immediately taken to a hospital at Madisonville where she received medical attention by Doctor Louis. According to the doctor, he saw the plaintiff two or three times after the accident; that the last time he saw her, plaintiff was very disabled and had to have assistance, complaining of pains in her left hip and her left leg. He considers that the plaintiff is now suffering from traumatic arthritis and neuritis of the sciatical nerve on the left side, and from the history as given by her, he presumes that it is the result of the accident. Due to her age, he is of the opinion that there is very little possibility of her getting completely cured and that there is a possibility of her growing worse. The plaintiff, in her testimony, says that due to the accident she had to remain in bed for some two months and that thereafter she had to use crutches for a month. After discarding the crutches, she had to use a cane or hold to some object in order to walk; prior to the accident, she did not suffer any pains or had any trouble in walking. As against this evidence, we have the testimony of the defendant and one of her witnesses to the effect that plaintiff's daughter and her step-son stated that she, defendant, had run into their crippled mother, and it does appear from the evidence that plaintiff was suffering from an arthritic condition at the time of the trial.
There is no fixed rule prescribed for the measurement of damages in a case of this character, and the amount of the award must necessarily depend on the extent of the injuries as established by the facts of each particular case. The testimony is not certain as to whether the accident caused or aggravated the arthritic condition existing at the time of trial. Evidently the trial judge was not impressed by the evidence; otherwise he would not have granted the small sum of $400. This amount is in line with awards for contused wounds and brush burns. We find no reasons to disturb his award.
For these reasons, the judgment appealed from is affirmed.