McBRIDE, Judge.'
This case, emanating from the Civil District Court for' the Parish of Orleans, arises under LSA-C.C. art. 2318. Plaintiff sues "defendants, the respective fathers of three teen-aged minors who are alleged to have abused, assaulted, and beaten plaintiff without provocation on May 14, 1950, in the City of New Orleans, seeking to Recover fr'om defendants, in solido, the sum of $9,903 as damages. All defendants are residents of the Parish of St. Bernard, and the minors are alleged to be residing there with the'ir respective fathers.
Defendants jointly excepted in limine to the jurisdiction of the Civil District Court ratione personae: The exception was argued and.overruled, whereupon defendants answered the petition with, full reservation of all their rights under the exception. On defendants’ prayer there was a trial by jury which culminated in a verdict and judgment in plaintiff’s favor . for $250 against Sam Nunez and Peter PI. Gonzales. The other defendant, Guilford Perez, died before the" case was tried and, there was no party substituted in his place.
The attorney for appellees strenuously reurges the exception to the jurisdiction of the trial court ratione personae, and this confronts us with the question whether'we can review the ruling below on the exception in view of .the fact that defendants have neither appealed from the judgment nor made answer to plaintiff’s appeal.
Appellees insist that notwithstanding that they did not appeal or make answer to plaintiff’s appeal, their exception to the trial court’s jurisdiction ratione personae is properly before the court and that .we are bound to give consideration to it. As authority for their position, appellees cite Succession of Markham, 180 La.. 21,1, 156 So; 225, '227, decided by the Supreme Court in 1934.
Prior to the ruling in that case, the jurisprudence of the Supreme Court was uniform on the proposition that, where an ap-pellee does not file an answer to. the .appeal praying for the review of an adverse ruling on his exception by the trial court, the judgment appealed from cannot be amended so as to convert it into a judgment maintaining the exception which had been overruled below. In .Succession of Markham it was said that decisions to that effect in five cases, specifically mentioned by title, were purely obiter dictum or resulted .
“ * . * * from an erroneous cont struction of articles 888 and 592 of. the Code of Practice. These articles, properly construed, require the appellee to answer where he wishes a change to ■be made in the decree rendered below by the trial court, and pot in some ruling on an exception preliminary to a trial on the merits. * * * ”
Then the Court went on to say:
“ * * / *' The rulings on all such exceptions may be considered on appeal without reference as to whether the party, desiring a review of the ruling on the exception, has himself appealed or has filed an answer to the appeal of the opposite party. Entertaining this view,-the decisions cited are overruled on the question under consideration, and we shall now proceed to review the! ruling on the exception.”
The situation the Supretne Court ■ had before it was this: The defendant filed an exception to the suit on the ground-that the petition was not addressed to any court or to the judges of any court, and in addition to this exception, the defendant interposed ■a plea of estoppel, this plea testing upon the inconsistency of certain allegations of the *585 petition. The exception was overruled but tile plea of estoppel was sustained and the suit was dismissed. Plaintiff took the appeal.
Succession of Markham stands alone in the jurisprudence of the Supreme Court, and we have not been able to find any case decided by the Supreme Court in which it is cited or referred to. It has been followed in three cases by the Court of Appeal for the Second Circuit, namely, Brown v. Garner, 157 So. 136; Columbia Oil Co. v. Police Jury of Natchitoches Parish, 194 So. 91; and Cantrell v. Roberts, 12 So.2d 491, in each of which cases the appellee was the defendant who had been the successful litigant in the trial court.
In two cases decided by Courts of Appeal since the advent of Succession of Markham, which do not even mention that case, the courts reached a contrary result. See Metropolitan Life Ins. Co. v. Mundy (First Circuit), 167 So. 894; John Myers Implement Co., Inc., v. DeBoer (First Circuit), 9 So.2d 832.
This court had occasion to make passing reference to Succession of Markham in Tedesco v. Board of Sup’rs of Elections for Parish of Orleans, 43 So.2d 514, wherein we stated that the conclusion reached by the Supreme Court “is interesting” in. view of the fact that in at least nine -prior cases a contrary conclusion had been reached.
Bearing in mind the situation that existed therein, we do not believe that Succession of Markham supports the contention of appellees, for the reason that that case can "readily be distinguished from the case now before us: All' that, the Supreme Court concluded is that where the defendant was successful in the lower- court in having the suit dismissed and -the plaintiff appealed, the defendant-appellee would have the right even though he did not answer the appeal to maintain the judgment by reurging, if necessary, other exceptions and preliminary pleas which he had interposed in defense of the suit and which had been overruled by thé lower court.
We have also read the five cases overruled by Succession of Markham, and after analyzing the state of affairs in each, we believe our appreciation of the ratio deci-dendi of Succession of Markham is correct. In each of the cases overruled, namely, City of New Orleans v. New Orleans Jockey Club, 115 La. 911, 40 So. 331; Oglesby v. Turner, 127 La. 1093, 54 So. 400; Chopin v. Freeman, 145 La. 972, 83 So. 210; Alfred Hiller Co., Ltd. v. Hotel Grunewald Co., Ltd., 147 La. 129, 84 So. 520; and Siragusa v. Illinois Cent. R. Co., 152 La. 745, 94 So. 376, the situation was exactly the same as in Succession of Markham — the defendant had been the successful litigant and the appeal had been taken by the plaintiff from a judgment dismissing the suit. In each of these cases the Court had refused to. consider in the absence of an answer to the appeal additional exceptions and' pleas filed by defendant which had been overruled or dismissed by the lower judge.
As is seen, the defendants-appellees in Succession' of Markham and in the cases which were overruled by it were not seeking a reversal of the judgment before the court on appeal or wished a change in the decree. All that was sought was an affirmance of the judgment, and in furtherance of their attempt to have the judgment maintained, the defendants urged their exceptions and pleas which had been overruled below, but which, if maintained, might support the judgment.
The situation here is vastly different. The appellees were the.losing parties in the trial court, plaintiff having recovered a judgment against them in solido though for an amount less than plaintiff claimed. That the appellees were satisfied with the outcome of the. case is manifested by the fact that they did not see fit to appeal from the judgment. If plaintiff had not appealed, the defendants would have had to respond to the judgment even though it had been rendered by a court of improper venue. The doctrine enunciated in Succession of Markham that the party who wins the case *586 in the lower court need not answer the appeal, and may again in support of the judgment on appeal urge all of the pleas and exceptions which had been urged in the nisi prius court, should not be extended so far as to say that a party who loses in the lower court may contend that the appeal by the other party has the effect of bringing up on appeal and preserving all of the pleas and exceptions which the appellee had unsuccessfully urged in the trial court.
The Code of Practice by art. 888 provides:
“If the appellee has cause to complain of the judgment appealed from, he may, without appeal on his part, state in his answer the points on which he thinks he has sustained wrong, and may pray that the judgment be reversed with respect to them, and confirmed with costs on the rest.”
Art. 592 reads thus:
“Nevertheless, if the appellee complain of some parts of the judgment of the inferior court, he may, without appealing from the same, pray it to be set aside in those points in which he believes that he is aggrieved.”
These articles properly construed, as stated in Succession of Markham, ..
“ * * * require the appellee to answer where he wishes a change to be made in the decree rendered below by the trial court, * * *.”
If we were to construe the holding in Succession of Markham the way appellees would have us do, we would in effect be writing out of the Code of Practice the two articles above quoted.
Appellees are not endeavoring through the medium of their exception to have the judgment appealed from maintained, but, ■on the contrary, they seek to have the judgment changed from one in favor of plaintiff to one in their favor ordering the outright dismissal of the suit. This to us is the feature which distinguishes the instant case from Succession of Markham.
We think the rule to be applied is correctly stated by the Court of Appeal of the Second Circuit in Britt v. Leaderbrand, 39 So.2d 645, 647, wherein plaintiff, which had sued for $203.61, recovered judgment for $109.68, from which judgment it appealed. Defendant attempted to urge in his 'brief an exception which had been argued below and referred to the merits of the case.
The court said:
“ * * * Defendant did not appeal and has not answered the appeal perfected by the plaintiff. In these circumstances, the judgment and, of necessity, prior rulings on matters and questions concluded by it, may not, in appellee’s favor, be revised or amended by this court. '* * * ”
We cannot inquire into the matter of the correctness of "the judgment against appellees on the question of their liability, as that is not an issue except insofar as plaintiff’s appeal seeks an increase in the amount of damages allowed. Blakewood v. Town of Franklinton, 195 La. 391, 196 So. 909; Peppers v. Toye Bros. Yellow Cab Co., La.App., 198 So. 177; Ezell v. Johnson, La.App., 17 So.2d 62.
The jury concluded that the minor sons of defendants without provocation assaulted and beat plaintiff at the place and time alleged in the petition and that plaintiff sustained injuries. Plaintiff’s appeal brings up for consideration only the adequacy of the amount awarded him.
Plaintiff received first aid treatment at Charity Hospital. The superficial injuries consisted of contusions of the face, particularly about the eyes and lips, and scratches on both arms. The most serious of the injuries was the loss of three teeth, one of which had been knocked out and the other two were broken to such an extent that a dentist had to remove them. The lost teeth have been replaced by a denture. There is no evidence supporting the allegation that plaintiff, an electrician by trade, lost any wages as a result of his injuries. While *587 plaintiff did not return to his trade until some time after the affair, the evidence shows that in the meantime he engaged himself in the erection of his new home.
The question of the proper amount allowable for personal injuries always presents some difficulty, as there is no rule or standard of law fixing or establishing the amount of the recovery' and each case, consequently, must rest on its own set of facts.
Considering the injuries which were undoubtedly painful, the humiliation which plaintiff suffered, coupled with the loss of the teeth which occasioned a dental expense of $100, we think that an award of $1,000 would do substantial justice in this particular case.
For the reasons assigned, the judgment appealed from is amended so as to increase the amount of the judgment to $1,000, and as thus amended and in all other respects the judgment is affirmed.
Amended and affirmed.