RAYBURN, Plaintiff, v. STROUTH, Defendant.

Common Pleas Court, Fayette County.

No. 22900. Decided October 22, 1960.

*Mr. Vern E. Davis*, for plaintiff.
*Messrs. Junk & Junk*, for defendant.

CASE, J. This cause is before the court upon plaintiff's petition and defendant's motion and memorandum thereto which. read as follows:

"Now comes the defendant in the above action and moves the Court for an order to strike plaintiff's entire petition from the files. The caption of the case states In The Court of Common Pleas of Franklin County, Ohio. Apparently from its heading it was mistakenly filed in this county and therefore should be stricken from the records."

"Volume 43 of Jurisprudence 2nd, at Page 285, states the following:

" ' . . . Although such a motion (motion to strike entire pleading from the files) will lie where the caption of the petition fails to contain the names of the plaintiff and the defendant, or that of the county in which the action is brought. . .' "

The court notes that defendant's quotation from 43 Ohio Jurisprudence 2d, appears on page 287 instead of page 285.

Now Section 2309.03, Revised Code, provides:

"Every pleading must contain the name of the court and the county in which the action is brought, and the names of the parties, followed by the name of the pleading."

And, although the word "must" appearing therein would normally be construed and interpreted as a mandatory requirement, it would appear that the court should consider any other statutory provision in Chapter 2309, Revised Code, which relates and pertains to such matters of pleading.

In Section 2309.58, Revised Code, it provides as follows:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any *pleading*, process, or proceeding, by *adding or striking* out the name of a party or *a mistake in any other respect, or by inserting other allegations material to the case,* or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the laws governing civil procedure, the court may permit either to be made conformable by amendment." (Emphasis added by the court.)

In the second paragraph of the headnotes in *Spence* v. *Commercial Motor Freight, Inc., of Iindiana,* 99 Ohio App., 143, the Court of Appeals for Preble County (which is also the Court of Appeals for Fayette County) held:

"2. Under Section 1.11, Revised Code, the provisions of Section 2309.58, Revised Code, are to be liberally construed, and are to be exercised in the furtherance of and not for the purpose of defeating justice."

And it is also noted that Judge Hornbeck, who wrote that court's opinion in the above cited case, was also the writer of the opinion in *Roberts* v. *Sogg*, 30 Ohio Law Abs., 523, wherein the court of appeals (Ohio Appeals, 2nd Dist., Franklin Co.) held as follows:

"1. The caption of a pleading is not part thereof and but for the requisites of Section 11304, General Code, a petition would not have to bear any heading.

"2. Where there are sufficient indicia to show that a petition was filed in a certain Common Pleas Court in conformance

with the requirement of Section 11279, General Code, but the caption of the petition erroneously states that the action was instituted in another county Common Pleas Court, there is nothing more than an amendable irregularity in the caption which does not render ineffective the summons issued; and where an amended petition stating the right county in the caption is filed, the service is effective because based upon a petition made regular in every particular by virtue of the amendment, and it is reversible error under such circumstances to quash and to set aside the return of summons, notwithstanding the provisions of Section 11304, General Code."

Since it does not appear that said court of appeals decisions have been modified or reversed; and since it does appear that said Sections 2309.03 and 2309.58, Revised Code, relating to pleadings are *in pari materia*; therefore, this court must conclude that it would be in the furtherance of justice to permit an amendment of the caption in plaintiff's petition to conform with the operative facts alleged therein which are sufficient indicia to show that plaintiff's petition was filed in the Common Pleas Court of Fayette County in conformance with the requirement of Section 2703.01, Revised Code of Ohio, but the caption of plaintiff's petition erroneously stated that the action was instituted in the Common Pleas Court of Franklin County.

For the reasons and upon the authorities hereinabove cited, this court must conclude that defendant's motion, insofar as it seeks an order to strike plaintiff's entire petition from the files, should be overruled and denied; and that defendant's motion, insofar as it raises an amendable irregularity in the caption of plaintiff's petition, should be sustained and leave of court should be granted to forthwith so amend such mistake in said caption.

Plaintiff's attorney should prepare an entry in conformity herewith, noting therein appropriate exceptions on behalf of said defendant, together with leave of court for defendant to further plead by on or before Monday, November 21, 1960, and submit such entry to opposing counsel and to this court for approval by on or before Monday, November 7, 1960.