For the reasons assigned, the judgment of the lower court is affirmed at plaintiff's cost.

HIGGINS, J., takes no part.

## INTERNATIONAL HARVESTER CO. OF AMERICA v. POLICE JURY OF RED RIVER PARISH.

### No. 5552.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Dickson & Denny, of Shreveport, for appellant.

Hoye Grafton, of Shreveport, for appellee.

HAMITER, Judge.

A chattel mortgage note in the amount of $551.50, with interest and attorney's fees, forms the basis of this suit.

In its petition, plaintiff alleges that the note was made and signed by the Police Jury of Red River Parish, by Dr. L. S. Huckabay, and that it is the holder thereof. It further alleges that an act of chattel mortgage and a vendor's lien, covering a certain McCormick-Deering tractor, secure the instrument. Judgment for the aforementioned amount, with recognition of the asserted chattel mortgage and vendor's lien, is sought against the alleged maker.

Defendant first excepted to the petition as stating no cause and no right of action. With full reservation of all rights under

the exceptions, an answer was filed in which a denial of the indebtedness was averred.

After a trial of the merits, judgment was rendered sustaining the exceptions of no cause and no right of action and decreeing a rejection of plaintiff's demands. From this judgment plaintiff appealed.

Attached to and made a part of the petition is the note, together with a certified copy of the chattel mortgage securing it. The signature affixed to both of these instruments is as follows: "Dr. L. S. Huckabay P J Ward No. 6 Red River Parish"

In urging the exceptions, counsel for defendant earnestly contends that the aforedescribed signature is neither that of the Police Jury of Red River Parish nor one in its behalf. He argues that the notations beneath the name of Dr. L. S. Huckabay indicate nothing more than a post office address, or a designation of the place where the maker, Dr. Huckabay, might be reached or located.

Conceding for the sake of argument, and only for that purpose, that the note and chattel mortgage can be considered as having been executed by Dr. Huckabay for and on behalf of the defendant, we are of the opinion that the petition is fatally defective because of the lack of an essential allegation: In no place therein does plaintiff allege that the signer of the instruments was duly authorized by the defendant to create the obligation herein sued on. A police jury is a political corporation, and it cannot be bound or legally represented in any contract or judicial proceeding without its special authority. Police Jury v. Mayor and City Council of Monroe, 38 La.Ann. 630. No enforced recovery on a contractual obligation can be had against a corporation of that character unless authority is shown in the person contracting it. O. O. Capmartin v. Police Jury, 19 La.Ann. 448. Consequently, in order for plaintiff's petition to allege a cause of action against defendant, the authority of Dr. Huckabay in executing the note sued on and obligating said defendant must be affirmatively set forth therein.

Although we hold that the exception of no cause of action was properly sustained by the trial judge, we are of the opinion that he erred in sustaining the exception of no right of action. Plaintiff had the right to prosecute, maintain, and recover judgment in a suit of this nature against the defendant on making the allegations essential for a cause of action and on supporting those with the required proof.

Accordingly, the judgment of the trial court sustaining the exception of no cause of action is affirmed, while the judgment sustaining the exception of no right of action is reversed. Costs of both courts shall be paid by the plaintiff.