## COLUMBIA OIL CO. v. POLICE JURY OF NATCHITOCHES PARISH.

### No. 5725.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 4, 1938.

Russell E. Gahagan, of Natchitoches, for appellant.

Julian E. Bailes, of Natchitoches, for appellee.

DREW, Judge.

Plaintiff instituted this suit to recover on two promissory notes. For a cause of action it alleged as follows:

"That the Police Jury of the Parish of Natchitoches, State of Louisiana, is justly and legally indebted unto your petitioner in the full sum of $564.28, with 5% per annum interest thereon from May 1, 1935, until paid, for this to-wit:

"That petitioner is the holder and owner of a certain promissory note dated May 1, 1935, signed and subscribed by the Natchitoches Parish Police Jury for the sum of $306.56, due and payable on June 1, 1936, and bearing interest at the rate of 5% from its date until paid; payable to the order of your petitioner and which note was executed and signed by H. H. Burney, member of the Police Jury of said parish and state from Ward 2, he being duly authorized and clothed with the proper authority to so sign and execute the said note and bind the Police Jury.

"That petitioner is the holder and owner of another certain promissory note dated May 1, 1935, signed and subscribed by the Natchitoches Parish Police Jury, dated May 1, 1935, for the sum of $257.72, due and payable on June 1, 1936, and bearing interest at the rate of 5% per annum from its date until paid, due and payable on June 1, 1936, and payable to the order of your petitioner and which said note was signed by J. W. Bolton, member of the Police Jury of said parish and state from

Ward 8, he being authorized and clothed with the proper authority to sign and execute the said note and bind the Police Jury.

"That petitioner acquired both of said notes for value and far prior to their maturity.

"That both of said notes are past due and unpaid in spite of amicable demand.

"That petitioner annexes the said notes hereto and makes them a part of this petition.

"Petitioner further shows that it does not do business in the State of Louisiana and that it acquired the notes sued on herein in the course of an interstate transaction."

The two attached notes are typed on stationery bearing the heading "Police Jury of Natchitoches Parish, Natchitoches, La." They are dated May 1, 1935, and read as follows:

"$306.56

"Ward 2 of Natchitoches Parish,

"Promises to pay on June 1st, 1936, to

"The Columbia Oil Company, Inc., St. Louis, Mo., or

"Order, the sum of,

"Three Hundred and Six and 56/100 Dollars.

"Together with interest thereon at the rate of 5% per annum from date thereof until paid.

"Ward 2 Natchitoches Parish, La.,
"By H. H. Burney,
"Member Ward 2, Natchitoches Parish."

"$257.72

"Ward 8 of Natchitoches Parish,

"Promises to pay on June 1st, 1936, to

"The Columbia Oil Company, Inc., St. Louis, Mo., or order, the sum of,

"Two Hundred fifty-seven and 72/100 Dollars.

"Together with interest thereon at the rate of 5% per annum from date hereof until paid.

"Ward 8, Natchitoches Parish, La.,
"By J. W. Bolton
"Member Ward 8."

Defendant answered denying each article of the petition.

On the trial of the case the signatures of the signers of the two notes were proven. The testimony of the president and general manager of the plaintiff, E. J. Keitel, taken by deposition, was admitted in evidence. He testified the notes were given for lubricants furnished to Natchitoches Parish during March, 1932, and no payments had been made on same. Mr. Keitel further testified:

"The goods and merchandise were delivered for the benefit of Natchitoches Parish on a bona fide order, and subsequently notes were presented voluntarily by Police Jurors signing and handed to E. J. Keitel, President of the Columbia Oil Company, Inc., in the presence of Wm. L. Schrader, Acting Secretary of Columbia Oil Company, Inc., after being typed by Miss Addie Tauzin, Secretary and Treasurer of Natchitoches Parish, because no printed forms of notes were available. All of this procedure took place in Natchitoches, Louisiana, on May 1st, 1936."

At this point plaintiff rested its case and defendant called to the stand Miss Addie Tauzin, its Secretary-Treasurer. Plaintiff objected to the testimony for the reasons defendant had denied the signatures on the notes and they had been proved. The objection was overruled and the witness testified there was no resolution or ordinance of the Police Jury authorizing Mr. Bolton and Mr. Burney to execute the notes. On cross-examination she testified as follows:

"Q. Those notes were given to the Columbia Oil Company to cover accounts for some kind of fuel oil sold by the Columbia Oil Company? A. I don't know anything about the notes, the ward members made their own purchases and nothing came thru the Police Jury except the bills.

"Q. Those ward members in making their purchases for their wards did not get an authorization by resolution or otherwise from the Police Jury in doing so? A. They did not at that time. Most of them went wild in making their purchases, and one of them was that ward member 2.

"Q. It was not the custom of the Natchitoches Parish Police Jury to require a special authorization of their members in making the purchases? A. No, not except if the purchase exceeds $500.00 or over.

"Q. Unless the purchase exceeds $500.00 the members of the Police Jury go ahead and make the purchase and make their obligations? A. They can.

"Q. The Police Jury pays those obligations? A. When they are approved by the member of the ward and the Claims Committee.

"Q. In other words, it has been customary and has been in the past for the deals made by the members of the Police Jury from the different wards to be paid, even though the debt was made and the obligation incurred without the authority of the Police Jury? A. When it was bought by a member of the ward, it was the obligation of the parish when it was purchased for the ward, but it was paid out of their ward funds.

"Q. That is the way now the Police Jury business was run at that time? A. It is not run that way now because the District Attorney has asked the members not to make purchases of any large amount without advertising or a resolution of the Police Jury.

"Q. At the time of the execution of the notes, however, there was no such ruling of the District Attorney? A. No."

There was no other testimony offered in the case.

At this point defendant filed an exception of no cause of action. It was objected to by plaintiff as coming too late. The objection was overruled, the exception sustained and plaintiff's suit dismissed. It has appealed to this court.

■ The objection to the exception of no cause of action on the ground that it came after answer had been filed and therefore too late, is without any merit. Such an exception can be filed at any time prior to final judgment. It can be filed in the Court of Appeal or in the Supreme Court before final judgment. Code of Practice, Articles 345, 346 & 902; Roy v. Mutual Rice Company of Louisiana, 177 La. 883, 149 So. 508.

■ Plaintiff next contends that when defendant denied article 1 of its petition, it denied that Bolton and Burney, members of the Police Jury, signed the notes and that by doing so waived all other defenses, and for that reason when it proved the signatures of Bolton and Burney on the notes, it was entitled to judgment although it had not proved authorization by the Police Jury for them to execute the notes. It relies on Articles 324 and 326 of the Code of Practice, which provide as follows:

"When the demand is founded on an allegation, or an act under private signature, which is alleged to have been signed by the defendant, such defendant shall be bound in his answer to acknowledge expressly or to deny his signature."

"The defendant, whose signature shall have been proved after his having denied the same, shall be barred from every other defense, and judgment shall be given against him without further proceedings."

These articles apply only to those defendants who are confronted with their personal signatures and have no application to a political corporation, such as a police jury, when confronted with an instrument purporting to bear the signature of one of its members. Bradford v. Cooper, 1 La.Ann. 325; Bayly & Pond v. Givens, 29 La.Ann. 546; Mutual National Bank v. Richardson, 33 La.Ann. 1312, 1314.

■ The notes and the parol testimony fail completely to show that the Police Jury of Natchitoches Parish is indebted unto plaintiff or that it is in any way obligated on the notes. The first note on its face states that Ward 2 of Natchitoches Parish promises to pay to plaintiff, and the note is signed "Ward 2, Natchitoches Parish, by H. H. Burney, Member Ward 2". The second note states "Ward 8" and is signed "Ward 8, Natchitoches Parish, by J. W. Bolton, Member Ward 8". Just what funds Wards 2 and 8 have and how they were secured, by special tax or otherwise, is not shown. There is no evidence of any kind to justify holding the Police Jury liable on the notes. If we could assume that the notes were given for merchandise used by the Police Jury, and we would have to assume it for there is no evidence to that effect, we would still be forced to hold that plaintiff cannot recover for the reason that the Police Jury could only be bound by an ordinance or resolution authorizing the purchase. No one member of the body could bind it by his individual act. Marr's Political Corporations under Louisiana Law, § 431; Police Jury v. Mayor and City Council of Monroe, 38 La.Ann. 630; Lane v. Deas Company, Inc., 12 La.App. 382, 125 So. 514; International Harvester Company v. Police Jury of Red River Parish, La.App., 177 So. 70.

■ The Police Jury could not be held estopped to deny the notes under the doctrine laid down in the case of American Disinfecting Company v. Police Jury of Grant Parish, 10 La.App. 389, 120 So. 135, for the reason the testimony does not justify such a finding, and furthermore, estoppel has not been pleaded.

■ If plaintiff sold and delivered to the Parish of Natchitoches materials necessary

for its use and had made use of them, thereby benefiting by the transaction, in equity plaintiff should be able to recover. If such be the case, it has not lost its right to proceed properly and produce the necessary proof. That seems to be the holding of our Supreme Court in some late decisions, although it amounts to allowing equity to displace positive law.

For some reason defendant preferred a judgment sustaining the exception of no cause of action to one on the merits. The lower court granted its request and it has not asked any change in the judgment here.

The case is clearly with defendant and the judgment of the lower court is affirmed, with costs.