For the reason assigned the judgment of the lower court is affirmed at appellant's costs.

ODOM, J., takes no part.

## MURRY v. UNION PARISH SCHOOL BOARD.

### No. 5795.

Court of Appeal of Louisiana. Second Circuit.

Dec. 9, 1938.

T. C. Bergeron, of Farmerville, for appellant.

J. R. Dawkins, of Farmerville, for appellee.

DREW, Judge.

The facts, pleadings and decision of the lower court are set out in plaintiff's brief as follows:

"The facts of this case were clearly established on the trial thereof and there is no dispute between the plaintiff and the defendant as to what the evidence established.

"It appears that a Mr. Taunton had been awarded a three-year contract by the Union Parish School Board to transport school children from the Tucker community to the Marion High School, in Ward 2, Union Parish, Louisiana. Mr. Taunton died during the first year of his contract and on September 10, 1936, a new contract was given to the plaintiff to complete the term of the contract, or for a period of two years, at a stipulated price of $85.00 per month.

"Upon the demands of the Union Parish School Board, as given to Mr. Murry by the School Board member from his Ward, and acting upon the belief that he had a good and binding contract with the School Board, Mr. Murry purchased the second hand van or truck that had been left on the hands of Mr. Taunton's widow, and proceeded to fulfill the contract to the letter for the first year. His services were entirely satisfactory and were accepted by the School Board and he was paid in full for the first year's service at the contract price. Acting upon the belief that he would operate the said school bus for the year 1937–38, in accordance with the contract, Mr. Murry purchased a new bus or van during the summer of 1937, in order that he might be in a position to render better and more efficient service for the school year 1937–38.

"However, during the summer of 1937, the Union Parish School Board, through its member from Ward 2, informed Mr. Murry that the Board would only pay $63.00 per month for the year 1937–38, in violation of the contract, and this amount being less than the contract price, Mr. Murry refused to accept that sum. The School Board then employed a son-in-law of the School Board member from Ward 2, at a monthly wage of $90.00, to transport the school children over Mr. Murry's route for the year 1937–38. Mr. Murry brought this suit for the sum of $765.00, being the amount of damages due him by virtue of the School Board's breach of contract.

"To the plaintiff's demands, the defendant first filed an exception of no cause or right of action which, after trial and argument, was overruled by the district court. The defendant School Board then filed an answer setting up the illegality of the contract. To the exception and answer filed by the defendant, the plaintiff filed a special plea of estoppel, based upon the equitable principle that the School Board, having forced the plaintiff to expend large sums of money to equip himself to transport school children and having accepted his services and paid him therefor, could not now be heard to allege its own illegal acts in order to avoid the payment of damages.

"The case went to trial on the issues presented and, after hearing the evidence and the argument, the district judge was of the opinion that the School Board was estopped to set up the illegality of the contract, and rendered judgment in favor of plaintiff, as prayed for."

In most respects the facts as set out are correct and for the purpose of a decision in this case are sufficient, however, we will enlarge on them to some extent.

The custom of the School Board of Union Parish has been to allow the member from each Ward to select the school bus drivers and fix the price and, after such an agreement has been made, the superintendent executes a contract with the bus driver. It appears that such blanket au-

thority has been given by the School Board to its superintendent and the members from each Ward. In this case the custom was followed and plaintiff at no time appeared before the School Board. It might be added further that he at no time made any complaint to the School Board as a body. The contract was not made by public advertisement for bids. It was a contract between the School Board member from Ward 2 of Union Parish and the plaintiff, which contract was attempted to be ratified by the written contract executed and signed by the Superintendent of Education of Union Parish. The contract was never submitted to the school board as a body for its ratification.

The record further discloses that an additional route was added to the one which plaintiff had driven, and for the two routes plaintiff's successor was paid $90 per month.

In the case of Poole v. La Salle Parish School Board, La.App., 183 So. 182, we passed upon a suit almost but not entirely similar to the one at bar; and on August 5, 1938, the Supreme Court of this state refused a writ of certiorari and review. In that case we reviewed the jurisprudence of the state and held that under Act No. 100 of 1922, §§ 19, 20 and 43, and Act No. 202 of 1928, authorizing school boards to appoint designated officers and such other appointees as may be necessary, placing no limitation as to time or term of employment, the parish school board had no authority to employ the bus driver for the term of three years and the driver so appointed held position at the pleasure of the board.

In referring to this case, plaintiff in his brief says:

"Since this case was filed and judgment rendered by the District Court, your Honors have decided the case of Poole v. LaSalle Parish School Board, La.App., 183 So. 182, which I must admit is very similar to the one at bar. I have studied that case thoroughly, and it does not seem that the question of estoppel was very strenuously raised or argued in that case. It seems inequitable to me that the Union Parish School Board should force its bus drivers to expend some $800.00 to $1,000.00 in equipping themselves with a bus and other equipment in order to serve in the capacity of bus driver, then allow that driver to operate for a short period of time, and discharge him, not because of any unsatisfactory service, but because the School Board found that it could take advantage of its own illegal acts in setting the contract aside. Certainly equity does not sanction any such method of doing business."

It is true the plea of estoppel was not urged in the Poole Case, but it can be of no avail to plaintiff here for the reason the jurisprudence of this state is well settled and rightfully so that political bodies are not estopped by the unauthorized and illegal acts of their officers. School boards possess only delegated powers defined by statute and are not free to act as individuals, and it is not within the scope of their authority to ratify that which originally had no existence, such as a void contract. Brown v. St. Bernard Parish School Board, 14 La.App. 460, 131 So. 760; State v. Louisiana Cypress Lumber Company, 144 La. 559, 80 So. 722; and cases cited therein; Whitney v. Parish of Vernon, 126 La. 13, 52 So. 176.

For the reasons set forth in the above cited cases, the plea of estoppel is overruled.

It therefore follows that the judgment of the lower court is reversed and the exceptions of no cause and right of action are now sustained and the demands of plaintiff rejected at his costs.