The plaintiff brought this suit on August 16, 1938, against the Police Jury of Vermilion Parish to recover on a note for $664.48, dated August 1, 1933, due June 15, 1934, with interest at six per cent per annum from date, and providing for 10 per cent attorneys' fees, which note is payable to the order of the plaintiff and is signed at the bottom in the usual place for signing a note, "Police Jury of Vermilion Parish, by R.L. Chauviere, President." In the left hand corner at the bottom is written "Road Dist. # 2-9th Ward Mtne.", and written across the left margin of the note are the words; "Resolution of Police Jury, March 1st, 1933." *Page 37 
The defense is that the consideration for which the above note was given represented an indebtedness due the plaintiff by Road District No. 2 of the Ninth Ward of Vermilion Parish, a separate and distinct political corporation from the parish; that through error, the said note was signed by the Police Jury of the Parish, instead of being signed by the Police Jury as the governing authority of the said Road District; that the said note does not represent an obligation of the parish, and when the note was signed the Police Jury was acting as the governing authority of the said Road District.
An exception of no cause or right of action was filed by the defendant and referred to the merits by the court. After a trial on the merits, the trial court rendered judgment in favor of the Police Jury and dismissed plaintiff's suit on the ground that the note was an obligation of Road District No. 2 of the Ninth Ward of Vermilion Parish, and the right of the plaintiff to proceed against said Road District was reserved. No action was taken on the exception and it is not urged on appeal, and must be considered as having been abandoned.
The pertinent facts shown by the record are as follows: In 1922, the Police Jury of Vermilion Parish created Road District No. 2 of the parish to be composed of certain territory in the parish and fully described in the resolution creating the road district. It does not appear from the resolution creating the road district whether or not the district is wholly or partly in the Ninth Ward — in fact, no reference is made to Ward Nine in the resolution. The road district was created under the provisions of Act No. 118 of the Extra Session of 1921, and the Police Jury of the parish was the governing authority of the road district. While it is alleged in the answer that special taxes have been levied, collected and disbursed every year by the Police Jury for and on behalf of said Road District No. 2, there is no proof in the record to this effect, and for that matter, there is no proof that this road district has ever functioned as a separate political corporation in any manner whatever. There is no evidence to show that this road district ever constructed or maintained any roads within the territory embracing the district, but it is shown that for the years from 1931 to 1934, inclusive, the Police Jury passed an ordinance annually levying a one cent gasoline tax in the parish to be used for the construction and maintenance of the roads and bridges in the parish. By a resolution passed in 1929 (and which does not appear to have been repealed) it was provided that the proceeds of this one cent gasoline tax be divided equally among the nine wards of the parish.
The evidence shows that in the years 1931 and 1932, Mr. G.A. Maraist was Police Juror from Ward Nine. During these years the plaintiff company sold and billed to Vermilion Parish various invoices covering gasoline and oil used in tractors and road equipment operated by the Police Jury. The above named Police Juror from the Ninth Ward testified that in 1930, he had instructed his road men in Ward Nine to purchase their oil and gas from the agent representing the plaintiff company. There are invoices in the record showing that, during 1931 and 1932, at various times, the plaintiff company delivered oil and gas to the men operating the machines in the Ninth Ward for this Police Juror, and these invoices are all made out to Vermilion Parish, Ninth Ward Road Fund, and the invoices are signed by the men who had charge of the road work for the Police Juror of this Ward in order to receipt for the items specified in the delivery tickets. The agent of the plaintiff company testified that the gas and oil which was ordered by the President of the Police Jury would be delivered to the different wards to the men working in these wards.
In September, 1932, apparently after there had been some change in the personnel of the Police Jury, the Secretary wrote plaintiff, asking it to send a statement of the indebtedness of the different wards of the parish, as some of the ward members wanted to close out their accounts with a note due in six months. The plaintiff company rendered a statement to Vermilion Parish, 9th Ward Road District, showing a balance due of $664.48. On this statement it appears that several items were paid and some were left open and unpaid, leaving the above balance. On October 17, 1932, the President of the Police Jury wrote plaintiff acknowledging receipt of a statement given him by the representative of the company showing the balance due the company by the Parish of Vermilion for gas and oil furnished, and stated in his letter that the affairs of the parish were in a bad condition and the parish had no money to pay on back debts. And again on December *Page 38 
23, 1932, the President wrote the company a letter in reply to a letter by it with reference to the balance of $664.48 due by the parish for his ward — the Ninth. On March 1, 1933, the Police Jury passed a resolution authorizing the President to sign notes in settlement of accounts against various maintenance districts which members desire to settle with notes.
The note herein sued on was signed by the President in pursuance of this resolution as the note itself indicates and was given admittedly to close out the balance of $664.48 incurred in the manner above outlined. It will be noted that at no time previous to the execution of the note was Road District No. 2 ever mentioned in the invoices, statements, correspondence, or in any other manner. Indeed, it does not appear whether this Road District is in Ward Nine of the Parish. On the contrary, the evidence clearly shows that the plaintiff, as well as the Police Juror who represented the Ninth Ward at the time the gas and oil was sold, understood that the account was against the Parish of Vermilion, to be used in Ward Nine, under the practice of the Police Jury of that Parish (and which seems to be the practice in many parishes) of letting the Police Juror of the various wards make the purchase and have work done on the parish roads in their respective wards, and the Police Jury then as a body in regular session, approves these various bills for payment. This being the situation, it is clear that when this gas and oil was used by the parish on roads in Ward Nine, the purchase price became an obligation of the parish, if and when the account was approved by the Police Jury as a body, or if the situation was such that the Police Jury was estopped from denying or repudiating the account where the purchase had inured to its benefit. American Disinfecting Co. v. Police Jury of Grant Parish, 10 La.App. 389, 120 So. 135; Columbia Oil Co. v. Police Jury of Natchitoches Parish, La.App., 184 So. 580.
The fact that the account was closed out by a note did not change the nature and extent of the liability of the Parish. The note had not passed into the hands of a third party, and it was permissible for either plaintiff or defendant to show the nature of the consideration for the note, as it is well settled that a note is merely the evidence of the existence of the obligation. Of course, if the account for which the note was given was an obligation of Road District No. 2, and so considered by the parties to the transaction, there would be no liability on the part of the parish, and the defense would be good. But the mere fact that the notation was made on the note "Road District # 2-9th Ward Mtne." at the time the President signed the note for the Police Jury by virtue of the resolution of March 1, 1933, authorizing him to sign a note for closing out the indebtedness of each ward, could not have the effect of shifting an obligation of the Police Jury to that of a road district, nor could the acceptance of such a note by the plaintiff in settlement of an account due it by the parish be construed as a waiver of its claim against the parish and substitute in its place a road district as its debtor.
For the reasons assigned, it is ordered that the judgment appealed from be avoided and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Magnolia Petroleum Company, and against the defendant, the Police Jury of the Parish of Vermilion, in the full sum of $664.48, with six per cent per annum thereon from August 1, 1933, until paid, and the additional sum of ten per cent on the principal and interest as attorneys fees, and for all cost of the suit.