Plaintiff sues to recover balance of $395 with interest, allegedly due him on the price of an Allen road maintainer machine he claims defendant purchased from him on July 14, 1937. The price of the machine was $695. Payments as follows are admitted, to-wit: $200 on July 14, 1937; $50 on June 6, 1938; $50 on June 26, 1939.
Plaintiff avers that the machine was sold by him to the parish and by it purchased pursuant to a resolution of the Police Jury thereof authorizing such action.
Defendant denies that it purchased the machine from plaintiff and, therefore, denies liability for payment of any balance due on the price thereof. It is also denied that any resolution authorizing the purchase was adopted by the police jury. Further answering, defendant avers that during the year 1937 plaintiff entered into negotiations with defendant to sell the machine to it, and that defendant made application to the Louisiana Bond 
Loan Board for authority to make said purchase; that said authority was refused, and therefore, no contract of purchase was ever entered into or concluded. Defendant also denied that it ever accepted, used or kept said machine as the owner thereof or otherwise. Further pleading, defendant says: "Defendant shows that it is informed and believes that the members of the Police Jury from Ward four Sabine Parish, Louisiana, entered into some kind of unauthorized arrangement with the plaintiff to use said machine on a rental basis the exact terms and conditions of which arrangement are unknown to your defendant."
Defendant appealed from judgment in plaintiff's favor. In this court defendant filed a plea of prescription of three years. The conclusion we have reached on the merits of the case obviates consideration of this plea.
Defendant did not purchase nor was it authorized by the police jury thereof to purchase the machine involved herein. Plaintiff, in the year 1937, delivered the machine to W.H. Brumley and J.C. Mitchell, police jurors of Ward 4 of Sabine Parish. This ward, territorially, is coextensive with Road District No. 17 of the parish. The machine's efficiency was demonstrated by plaintiff to said jurors. It was, at all times, kept within the territorial limits of said road district, and exclusively used therein.
On June 9, 1937, the desire of said jurors to purchase the machine for their ward or district, was brought before the public jury and a formal resolution covering the matter, adopted. After reciting the need of the machine by the road district to maintain the roads therein, and stating that after demonstration the machine's efficiency as a grader was proven, the resolution reads:
"Therefore Be It Resolved by the Police Jury of Sabine Parish, the Governing authority of Ward 4 and Road District 17, Be authorized to purchase an Allen Road Maintainer at the price of $695.00 to be paid as follows: $200.00 cash and balance of $495.00 to be paid $60.00 per month for 8 months and the last payment to be $15.00 *Page 677 
and that notes will be issued for said amount.
"That the Secretary of the Police Jury be authorized to send a copy of this resolution to the Louisiana Bond and Tax Board, and secure from said Board a permit to make the above named purchase issue notes and pledge the Road District No. 17 Tax to pay same.
"That upon the receipt of said permit that Ward 4 and Road District No. 17 be authorized to make said purchase and that the President of the Police Jury the Governing authority of said Ward 4 and Road District No. 17 be authorized to issue 9 notes for the sum of $495.00 said notes to be as follows: 8 notes for $60.00 each due the 15th of Jan., Feb., March, April, May, June, July, August, and one note for $15.00 due September 15th, 1938. And the avails of the 3 mill tax of Road District No. 17 be pledged to pay same. * * *"
This is the resolution referred to in the petition and relied upon by the plaintiff. The Louisiana Bond and Tax Board refused to grant a permit to purchase the machine although requested by the secretary of the police jury. So far as concerns the police jury, as a body, its connection with the matter ended when the permit was denied.
This resolution reflects, inter alia, two important things, to-wit:
If the machine should be purchased it would be by the police jury as the governing authority of the road district, and for its account; that the price of the machine would be secured by and paid from the avails of the three mill tax in the district.
Notwithstanding the status of the matter being as above related, seven weeks after the adoption of the resolution, a payment of $200 was made to plaintiff and thereafter the two $50 payments were made. The vouchers evidencing the first and third payments could not be found by the secretary of the jury, but that covering the first $50 payment was located and introduced in evidence. It is in plaintiff's favor and is signed by the parish treasurer. It is said therein: "Charge to account of Road District No. 17". On the reverse side of the voucher there is a formal direction to the parish treasurer to pay plaintiff $50 and charge same to Road District No. 17. This direction is signed by W.H. Brumley, president, and is approved by three members of the jury, who constitute the committee on claims. It is shown that the $200 and second $50 payments were paid from the road funds of the district.
Under sections 5 and 6 of Act 118 of the Extra Session of 1921, road districts and subroad districts are declared to be public corporations and as such are vested with all the powers of such corporations, including the right and power to "incur debt and contract obligations, to sue and be sued, to have a corporate seal, to do and perform all acts in their corporate capacity and in their corporate names necessary and proper for the purpose of constructing, maintaining and improving public roads and highways and bridges within their territorial limits * * *."
The police jury of the parish is declared to he the governing authority of such District. Hicks v. Parish of Union et al., 6 La.App. 543.
In the present case the police jury as the governing authority of Road District No. 17 of Sabine Parish had the unquestioned right, by observing legal requirements, to purchase road machinery for the district, to be paid for from funds of the district. It is evident that had a contract of sale been consummated, Road District No. 17 would have been the purchaser, not the Parish of Sabine; but no such contract was concluded on behalf of either.
The reason for denying the permit by the Louisiana Bond and Tax Board to make the purchase and issue notes to evidence the price does not appear in the record. A very good reason, dehors the record, existed. It was a violation of law to make the purchase (more than $500 being involved) except after advertisement and competitive bidding.
The jurisprudence of the state, for the past few years, fairly bristles with cases where it appears that public bodies and political subdivisions have frequently violated laws passed for their own guidance and for the benefit and protection of the public, the taxpayer, with regard to the purchase of goods and materials and the performance of services. In many of these cases a contract, illegal ab initio, was entered into and performed while in others there was no contract at all. In those cases where it was established that no contract, express or implied, was agreed to by the defendant sought to be held to financial responsibility, of course, relief was uniformly denied. The following cases from this court so held: International Harvester Company of America v. Police Jury of *Page 678 
Red River Parish, 177 So. 70; Columbia Oil Company v. Police Jury of Natchitoches Parish, 184 So. 580; Murry v. Union Parish School Board, 185 So. 305.
The first of these cited cases is quite similar to the present one.
The judgment appealed from is erroneous; and for the reasons herein assigned, it is annulled, reversed and set aside; plaintiff's suit is hereby dismissed at his cost.