In this suit plaintiff seeks injunctive relief against any operation or attempt to use an allegedly abandoned roadway traversing his property. The defendants are the Police Jury of the Parish of Rapides and J. Lewis Ates, the duly elected, commissioned and qualified police juror from Ward 10 of the Parish of Rapides, being the ward in which the said roadway is located. By stipulation, the hearing on the application for a preliminary injunction was submitted to the Court for final disposition as upon prayer for a permanent injunction. There was judgment in favor of defendants rejecting plaintiff's demands and denying the application for writs of injunction, from which a devolutive appeal was permitted by the Court, and, after action by this Court on writs of mandamus, a suspensive appeal was perfected by plaintiff.
There is no real dispute on any material point involved with reference to the facts in this case. For some years prior to 1941, a graded parish road running approximately north and south, less than one mile in length, connecting two state highways, traversed plaintiff's property. This passageway, hereinafter referred to as the "old road", crossed a stream known as Flagon Creek, over which a bridge was built some years ago. The testimony discloses the fact that the road was used as a public road continuously up until the time that the bridge over Flagon Creek became unsafe.
About the year 1941 work was begun on a right of way for a new road, which was located approximately a quarter of a mile east of the old road, which right of way traversed a portion of plaintiff's property, as well as several other tracts. Work on preparing the right of way for travel proceeded at irregular intervals; some gravel was thrown or spread on portions of the road; a bridge was built across Flagon Creek, and, at some time in the year 1944, traffic began to pass over the so-called new road.
It is not shown that any ordinance of the Police Jury authorizing the change of roads was ever adopted, and, on the contrary, it is established that there was no action by the Jury as a governing body, either formal or informal. Plaintiff relies on the fact that the work on the new road was undertaken and prosecuted at the instance and under the direction of Mr. Herbert L. Williams, who was the police juror representing Ward 10 during this period, being superseded in office in May of 1944 by the defendant, Ates. Plaintiff alleges and urges that by custom and agreement of the members of the Police Jury, if not by an ordinance, "the establishment and maintenance of parish roads in the various wards of the parish are under the supervision and control and direction and management of the police jury member from that particular ward". Under this theory plaintiff urges that the action of the police juror from Ward 10 was in effect the action of the jury.
The purpose of plaintiff's suit is to seek judicial declaration of the abandonment of the old road and, consequently, the recognition of plaintiff's right to resume the ownership and use of the soil comprehended in the right of way thereof. The procedure which plaintiff has followed is by injunction prohibiting the resumption of the use of the old road as a public road.
In presenting his claims plaintiff has alleged that the route for the new road was selected, rights of way were obtained, and that the road was built, completed, opened to public use and maintained as a public road by the Police Jury up to the date of filing of this suit. If these facts had been established, unquestionably plaintiff would be entitled to the injunctive relief which he seeks, but close examination of the record convinces us that he has failed in his attempt to prove these vital matters.
[1] Though there is some testimony in the record as to rights of way for the new *Page 136 
road, it appears that the granting of these rights were verbal and there is no written evidence of the actual grants or the acceptance thereof by the Police Jury. As a matter of fact, plaintiff's entire case rests upon his contention that the acts of the police juror from Ward 10, with regard to the road, were in effect, by custom, and by law recognizing said custom, the acts of the Police Jury itself. We do not so find, and, on the contrary, we hold it to be well established that an individual member of a police jury cannot bind the jury as a governing body by his acts.
[2] We find no legal authority which would permit individual members of a police jury to regulate and superintend matters concerning the establishment, location and maintenance of public roads in the absence of action by the jury itself, and, certainly no evidence of such action appears in the record in the instant case.
Counsel for plaintiff have strenuously urged that the opening of the new road and its use by the public must be construed as a dedication of such road to the public use and, in consequence, must have effected the abandonment of the old road.
The great preponderance of the testimony in the instant case convinces us that the old road was never abandoned. It is true that there was a cessation of its use, but the testimony satisfactorily establishes the fact that this cessation in use was caused, not by the abandonment of the road itself, nor by the opening of the new road to public use, but by the unsafe condition of the bridge across Flagon Creek. It is also shown that the construction of a new bridge on the old road has been begun and was drawing near completion at the time of the trial of this cause.
[3] In our opinion the abandonment of public roads must be evidenced:
(1). By a formal act of revocation and a setting aside of the dedication of such abandoned roadways in accordance with the provisions of Act No. 382 of 1938; or,
(2). By the relocation and the establishment and maintenance of such relocated road, all of which must be done under theauthority and by the action of the governing body; or,
(3). By the clear and well-established proof of an intent on the part of the governing body to abandon.
[4] No one of the above requirements has been established. There is not even a contention by plaintiff that there has been any formal action of abandonment under the statute referred to; the relocation and rather haphazard and unsatisfactory acts of maintenance of the new road are disclosed to have been the result of agreements or understandings with one individual member of the Police Jury, none of which have been adopted or ratified by the Jury itself. And, finally, we find that the evidence clearly fails to establish an intent on the part of the Police Jury to abandon the old road.
[5] Regardless of any agreement with an individual police juror, we hold it to be conclusively established by our jurisprudence that such agreements cannot bind the body itself, in default of some action by such body.
In the case of McGinty v. Sabine Parish Police Jury, La. App., 19 So.2d 676, 677, this Court held, in an action to recover the purchase price of road machinery, that the Police Jury of Sabine Parish "had the unquestioned right, by observing legal requirements, to purchase road machinery for the district." The Court refused recovery, despite a formal resolution of the Police Jury on the ground that the legal requirements had not been observed, and cited International Harvester Company of America v. Police Jury of Red River Parish, La. App., 177 So. 70; Columbia Oil Co. v. Police Jury of Natchitoches Parish, La. App., 184 So. 580; Murry v. Union Parish School Board, La. App., 185 So. 305.
[6] There are many cases in our jurisprudence to the same effect as the above, and, while these cases do not involve facts or conditions similar to the case at bar, nonetheless, they reiterate the principles which we feel are applicable here, namely:
That an individual member or members of a police jury cannot bind such governing body; and
That any action expressing the will of the police jury as the governing body of a *Page 137 
parish must be taken in strict accordance with law.
While the second principle above set forth is not here involved, it is closely related, and, certainly, there is no question in our minds as to the applicability of the first principle. Regardless of the reasons which prompt a public body to leave matters of administration to the representatives of particular districts, or of the customs which exist with reference thereto, these considerations cannot be properly urged as a substitute for the necessary formal action of the body itself.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.