Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,406-CA
No. 55,407-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

No. 55,406-CA

TRAVIS WEST                                    Plaintiff-Appellant


versus


BROWN CHRYSLER DODGE JEEP,          Defendants-Appellees
LLC; FCA US LLC; FEDERATED
SERVICE INSURANCE COMPANY;
REGINAL WINZER AND
CLAIBORNE PARISH POLICE JURY


* * * * *
*consolidated with*
* * * * *


No. 55,407-CA


RICARDO HOLLINQUEST                            Plaintiff-Appellant


versus


BROWN CHRYSLER DODGE JEEP,          Defendants-Appellees
LLC; FCA US LLC; FEDERATED
SERVICE INSURANCE COMPANY;
REGINAL WINZER AND
CLAIBORNE PARISH POLICE JURY


* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Claiborne, Louisiana
Trial Court No. 42,142


Honorable Walter E. May, Jr., Judge


* * * * *

GRODNER & ASSOCIATES, APLC
By: Donna U. Grodner

Counsel for Appellants,
Travis West and
Ricardo Hollinquest

GOLD, WEEMS, BRUSER,
SUES & RUNDELL
By: Steven M. Oxenhandler
    M. Allison Johnson

Counsel for Appellees,
Reginal Winzer and
Claiborne Parish Police Jury

HUIE, FERNAMBUCQ & STEWART, LLP
By: Charles S. Smith
    Jennifer H.R. Egbe
    (Admitted Pro Hac Vice)

Counsel for Appellees,
FCA US LLC and Brown
Chrysler Dodge Jeep, LLC

BUSH SEYFERTH, PLLC
By: Charles S. Smith

COTTON, BOLTON, HOYCHECK &
DOUGHTY
By: David P. Doughty

Counsel for Appellee,
Federated Mutual Insurance
Company

* * * * *

Before PITMAN, COX, and ROBINSON, JJ.

**COX, J.**

This suit arises out of the Second Judicial District Court, Claiborne Parish, Louisiana. Travis West and Ricardo Hollinquest filed separate suits for injuries sustained in the same motor vehicle accident. These suits were consolidated by a trial court order dated October 10, 2022. West and Hollinquest (collectively referred to as the "Plaintiffs") appeal the trial court's granting of a motion for summary judgment ("MSJ") and dismissing their claims with prejudice. For the following reasons, we affirm.

## FACTS

The Claiborne Parish Police Jury ("CPPJ") purchased a 2017 Dodge Ram 2500 (the "Ram") from Brown Chrysler Dodge Jeep, LLC ("Brown, LLC"). The Plaintiffs alleged that on October 16, 2018, the National Highway Traffic Safety Administration issued a vehicle safety recall for the steering linkages in the Ram, and Brown, LLC performed the safety recall repairs on the Ram.[1]

The Plaintiffs were inmates and housed at the Claiborne Parish Detention Center. The Plaintiffs were given trusty[2] status and assigned to the CPPJ highway chipper crew. On October 8, 2019, the Plaintiffs were bush hogging for the CPPJ. After completion of the work, the Plaintiffs were passengers in the Ram, which was operated by Reginal Winzer. One other inmate was also a passenger in the Ram but is not a part of this suit. While transporting inmates on Corney Lake Road, Winzer lost control of the

---

[1] The alleged recalls and repairs were disputed by FCA USA, LLC.

[2] As noted in *French, infra*, various cases have alternately used the "trustee" for the position held by the Plaintiffs. However, we use "trusty" in this opinion as that is the appropriate term according to the Oxford English Dictionary.

Ram as he was driving into a curve and hit a tree. The Ram then rolled and came to rest on its roof.

On May 6, 2020, West filed his petition for damages against the Defendants. Hollinquest filed a separate petition for damages on May 29, 2020. They both listed the following as defendants: Brown, LLC; Chrysler Company (later amended to FCA US LLC ("FCA")), the manufacturer of the Ram; Federated Service Insurance Company, which is Brown, LLC's and FCA's insurer; Reginal Winzer; and Scott Davidson, President of the CPPJ (later corrected to only name the CPPJ and drop Scott Davidson).

West stated that he suffered injuries to his head, neck, back, and experienced numbness in his leg. Hollinquest alleged that he suffered injuries to his right hip, pinched nerve, armpit, right foot, face, lower back, legs, thighs, and experienced numbness in his leg and difficulty walking and standing upright or bending. The Plaintiffs stated they suffered the following damages: bodily injuries, pain and suffering- past, present, and future; mental anguish and distress- past, present, and future; medical and pharmaceutical expenses- past, present, and future; apprehension of insufficient medical attention to injury; permanent impairment and disability; lost future wages; fear and fright; embarrassment, humiliation, and aggravation; loss of ability to participate in normal activities; and continual pain and suffering.

The Plaintiffs alleged that Winzer failed to operate the Ram in a safe manner. They asserted that the accident was caused solely by the negligence of Winzer in his failure to maintain a proper lookout; failure to see what he should have seen; failure to follow driving rules; failure to reduce speed for weather conditions; driving recklessly; and driving inattentively and

recklessly in the operation of a motor vehicle. They further asserted that the CPPJ, as employer of Winzer, was liable under La. C.C. arts. 2317 and 2320. They asserted Brown, LLC was negligent in its performance of the recall work on the Ram and/or FCA was negligent in its design to repair the defect.

The CPPJ filed a peremptory exception of nonjoinder of a party, answer, and affirmative defenses. The CPPJ asserted that it never employed Winzer; Winzer was actually an employee of Manpower US, Inc.[3]

On September 28, 2022, CPPJ and Winzer filed a MSJ arguing that the Plaintiffs' exclusive remedy against them is in worker's compensation. They cited *French v. Claiborne Parish Police Jury*, 52,192 (La. App. 2 Cir. 6/27/18), 251 So. 3d 571. They attached West's and Hollinquest's depositions and the affidavit of Dwayne Woodard, CPPJ Secretary-Treasurer. The Plaintiffs opposed the MSJ and attached the CPPJ's answers to interrogatories, photographs of the accident, Hollinquest's affidavit, and West's affidavit. The Plaintiffs questioned Woodard's affidavit and the CPPJ's ability to cooperate with the Sheriff's office for work release without a formal meeting and approval. However, the Plaintiffs' main contention was that they were not employees; and therefore, worker's compensation did not apply.

On December 7, 2022, Brown, LLC and FCA filed a MSJ, which was not opposed. The trial court granted the MSJ on February 6, 2023, and dismissed the claims against them with prejudice.

_____

[3] The CPPJ moved to add Manpower US, Inc. ("Manpower") as a necessary defendant but later dismissed any third-party claims they may have had against Manpower.

3

A hearing on the CPPJ's and Winzer's MSJ was held on January 19, 2023. The trial court stated that any necessary briefing on La. C.C.P. art. 966(G) would be done at a later time. The trial court found that Woodard established his personal knowledge of the operations of the CPPJ by stating he had been its Secretary-Treasurer since 2006. The trial court stated that based on the *French* case, the Plaintiffs' claims against the CPPJ and Winzer were dismissed. On February 6, 2023, the trial court signed its judgment granting the MSJ and dismissing the Plaintiffs' claims with prejudice. The Plaintiffs now appeal.

## DISCUSSION

The Plaintiffs assert the following assignments of error:

1. The trial court erred in finding that the grant of summary judgment to FCA US LLC may not be binding on the CPPJ and Winzer.

2. The trial court erred in reaching outside the record to find that Winzer was an employee of CPPJ despite its admissions and discovery responses in the record.

3. The trial court erred in admitting the affidavit of Dwayne Woodard which failed to show it was based upon personal knowledge, was riddled with hearsay and lacked evidentiary support.

4. The trial court erred in finding that *Starnes*,[4] which requires all acts by the CPPJ be by Board act and found in minutes of meetings, did not apply.

5. The trial court erred in failing to find that material issues of fact precluded summary judgment.

6. The trial court erred in finding that *French* applies to this case as a matter of law.

A *de novo* standard of review is required when an appellate court considers rulings on summary judgment motions, and the appellate court must use the same criteria that governed the trial court's determination of

---

[4] *Starnes v. Police Jury of Rapides Par.*, 27 So. 2d 134 (La. App. 2 Cir. 1946).

4

whether summary judgment was appropriate. *Davis v. Heniff Transp., LLC*, 52,048 (La. App. 2 Cir. 5/23/18), 249 So. 3d 183. A court must grant a motion for summary judgment if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3).

A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Facts are material if they potentially ensure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. *J & L Oil Co. v. KM Oil Co., LLC*, 51,898 (La. App. 2 Cir. 2/28/18), 247 So. 3d 147; *Barfield v. Diamond Constr. Inc.*, 51,291 (La. App. 2 Cir. 4/5/17), 217 So. 3d 1211, *writ denied*, 17-0751 (La. 9/15/17), 228 So. 3d 1205. An issue is genuine if reasonable persons could disagree based on the evidence presented. *J & L Oil Co., supra.*

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

Because the workers' compensation statutes are in derogation of the universal right to sue for damages provided by La. C.C. art. 2315, the

immunity provisions must be strictly construed. *French, supra*; *Smith v. Brown*, 11-1749 (La. App. 1 Cir. 8/15/12), 97 So. 3d 1186, *writ denied*, 12-2015 (La. 11/16/12), 102 So. 3d 39.

La. R.S. 23:1044 states that "[a] person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter." See La. R.S. 23:1034 regarding the application of the workers' compensation provisions to public employees. This presumption, however, may be rebutted upon proof that there was no contract of employment, expressed or implied, between the alleged employee and the alleged employer. *French, supra*; *Young v. Royal Jones & Assocs.*, 521 So. 2d 798 (La. App. 2 Cir. 1988).

When determining whether an employment relationship exists, the most important element to be considered is the right of control and supervision over the individual. *French, supra*; *Rogers v. Louisiana Dept. of Corr.*, 43,000 (La. App. 2 Cir. 4/30/08), 982 So. 2d 252, *writ denied*, 08-1178 (La. 9/19/08), 992 So. 2d 931. The factors to be considered in assessing the right of control are the selection and engagement of the worker, the payment of wages, and the power of control and dismissal. *Id.* No single factor is conclusive; instead, the totality of the circumstances must be considered. *French, supra*; *Cormier v. McNeese State Univ.*, 13-12 (La. App. 3 Cir. 11/13/13), 127 So. 3d 66. The burden of proof is on the party seeking to establish an employer-employee relationship. *Hillman v. Comm-Care, Inc.*, 01-1140 (La. 1/15/02), 805 So. 2d 1157.

This case is almost identical to *French*, with common defendants and circumstances. French was housed at the Claiborne Parish Detention Center, given trusty status, and assigned to work on the CPPJ highway chipper crew.

As to the right to control, the French court found the following: 1) None of the inmates applied to work for the CPPJ, and the CPPJ had no input as to which inmates were selected to work for them; 2) The trusties were paid $3 per week regardless of whether they worked the chipper crew or performed another task at the jail, and they would lose their trusty status if they did not work; and 3) the CPPJ could dismiss a trusty from the chipper crew if he was not performing his job or had an attitude problem. The CPPJ handled the transportation of the trusties, had total control of the trusties while they were in CPPJ care, were responsible for supervising the trusties, provided training, furnished the place to work and equipment to be used, and provided lunch. The *French* court then stated:

> The [CPPJ] exercised control in supervising, training, and dismissing the trusties that were selected by the CPDC to work on the highway chipper crew. Mindful that no single factor is conclusive and that the totality of the circumstances must be considered, we conclude that there is no disputed issue of material fact that French was an employee of the [CPPJ].

It is undisputed that the Plaintiffs were transported by the CPPJ, in a CPPJ vehicle, to and from the jobsite. It is also undisputed that Winzer, who is not affiliated with the Sheriff's office, was the driver the day of the accident. Woodard stated that the CPPJ set the work schedule each day and controlled the tasks. He stated that CPPJ employees guarded and supervised trusties, including West and Hollinquest, while working and the sheriff did not provide a guard or supervision while the trusties were working for the CPPJ. Hollinquest agreed in his affidavit that he was supervised by the CPPJ and given work assignments by the CPPJ on the days he worked there.

Woodard stated that the trusties were trained by the CPPJ, and the CPPJ furnished all of the necessary equipment. West stated in his affidavit

7

that the CPPJ provided the gloves and CPDC provided gloves and safety glasses. Hollinquest stated that the CPPJ provided safety glasses and necessary equipment. The Plaintiffs agreed that they watched a safety video before working with the CPPJ but were not given any other training.

The Plaintiffs stated that they were paid $3 per week as trusties regardless of their hours and where they worked. They stated that they did not receive a W-9 or W-2 and did not know how the $3 per week was funded. The Plaintiffs stated that they did not have paperwork like the work release programs and did not have any employment paperwork from the CPPJ. They stated their trusty jobs were assigned by the CPDC warden and could not be refused or their trusty status and good time would be revoked. West stated that he never dealt with the police jurors, only police jury employees. West stated that lunches were packed by the jail and occasionally the hospital would provide lunch.

Woodard stated that the CPPJ was able to dismiss trusties for performance or other issues. Although contested by the Plaintiffs, Woodard sets forth his personal knowledge in his affidavit by stating he has been the Secretary-Treasurer of the CPPJ since 2006 and is aware of the use of trusties to work with the Highway Department. He states he is aware of the policies and procedures of the CPPJ, including its Highway Department.

As in *French*, we conclude that there is no disputed issue of material fact that the Plaintiffs were employees of the CPPJ. The CPPJ controlled the transportation, security, supervision, and job duties while the trusties were in their care. The CPPJ also had the ability to dismiss a trusty by communicating with the Sheriff's office that they were not pleased with a trusty. Based on the totality of the circumstances in this case, we find the

8

trial court did not err in determining the Plaintiffs were employees and their claims are in worker's compensation.

The Plaintiffs argue that because the CPPJ is a public body, it is required to have meeting minutes and board approval for the hiring of trusties on the chipper crew. They cite *Starnes, supra,* and assert that because there are no meeting minutes or board approval, they could not have been properly employed by the CPPJ. *Starnes* does not affect the outcome of whether the Plaintiffs are employees for worker's compensation purposes. In *Starnes*, individual police jury members were charged with supervising the maintenance of public roads in their district. *Starnes* held that individual police jury members could not "regulate and superintend matters concerning the establishment, location and maintenance of public roads in the absence of action by the jury itself[.]" Unlike *Starnes*, we do not have any evidence or allegation that individual police jury members acted on a matter reserved to the police jury as a whole. An informal agreement between the Claiborne Parish Sheriff's Office and the CPPJ does not equate to the circumstances presented in *Starnes*. This argument is without merit.

The Plaintiffs argue that the trial court reached outside the record to find that Winzer was an employee of the CPPJ. We do not agree. The Plaintiffs alleged Winzer was a CPPJ employee in their petitions. Although the CPPJ initially stated Winzer was not its employee because he was employed through Manpower, the CPPJ later filed a voluntary dismissal to dismiss all third-party claims it may have against Manpower. The CPPJ stated in its motion to file an amended answer that it had since acquired information regarding the employment status of Winzer, and the CPPJ admitted Winzer was an employee in the amended answer. The CPPJ also

9

acknowledged that Winzer was an employee in the MSJ. The trial court did not reach outside the record to determine Winzer was an employee; the CPPJ admitted Winzer was an employee. This assignment of error lacks merit.

The Plaintiffs assert that the trial court should not have given the CPPJ an opportunity to brief whether the granting of FCA's MSJ applied to the CPPJ and its third party/comparative fault defense. Before ruling on the CPPJ's and Winzer's MSJ, the trial court stated that it would accept briefing on whether the third-party defense would be available. The briefing was never completed because the MSJ was granted in the CPPJ's and Winzer's favor. Because we find the granting of the CPPJ's and Winzer's MSJ was appropriate, we do not need to discuss whether the third-party fault defense would have been available to the CPPJ. This assignment of error is now moot.

## CONCLUSION

For the reasons set forth above, we conclude that the trial court did not err in granting the CPPJ's and Winzer's motion for summary judgment. At the Plaintiffs' costs, we affirm the judgment.[5]

**AFFIRMED.**

---

[5] La. C.C.P. art. 5188 allows costs to be assessed against an unsuccessful party who has been allowed to litigate without the payment of costs.